FILED
SEP 10 2007
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY DEPUTY CLERK

FILED
SEP X 4 2007
RICHARD W. WIEKING
CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

NYLES L. WATSON,

Plaintiff,

v.

D. K. SISTO; et al.,

Defendants.

No. C 07-4451 SI (pr)

**ORDER OF TRANSFER**

ENTERED IN CIVIL DOCKET 9-4-07

2:07-CV-1871 LKK GGH PC

Nyles L. Watson filed this civil rights action under 42 U.S.C. § 1983, complaining of acts and omissions that occurred at the California State Prison - Solano, in Vacaville, California. Vacaville is in Solano County, within the venue of the Eastern District of California. The defendants, all of whom allegedly are employed at that prison, also apparently reside in the Eastern District of California. Venue therefore properly lies in that district and not in this one. See 28 U.S.C. § 1391(b). Accordingly, in the interest of justice and pursuant to 28 U.S.C. § 1406(a), this action is TRANSFERRED to the United States District Court for the Eastern District of California. The clerk shall transfer this matter.

IT IS SO ORDERED.

Dated: September 4, 2007

SUSAN ILLSTON
United States District Judge

ECF DOCUMENT
I hereby attest and certify this is a printed copy of a document which was electronically filed with the United States District Court for the Northern District of California.
Date Filed: 9-4-07
RICHARD W. WIEKING, Clerk
By: Deputy Clerk

5

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

NYLES LAWAYNE WATSON,

Plaintiff,

v.

D K SISTO et al,

Defendant.

/

Case Number: CV07-04451 SI

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on September 5, 2007, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Nyles Lawayne Watson E-83981
California State Prison - Solano
P.O. Box 4000
17-228L
Vacaville, CA 95696

Dated: September 5, 2007

Richard W. Wieking, Clerk
By: Tracy Sutton, Deputy Clerk

Sutton

CLOSED, E-Filing, ProSe

**U.S. District Court**
**California Northern District (San Francisco)**
**CIVIL DOCKET FOR CASE #: 3:07-cv-04451-SI**
**Internal Use Only**

Watson v. Sisto et al
Assigned to: Hon. Susan Illston
Cause: 42:1983 Prisoner Civil Rights

Date Filed: 08/28/2007
Date Terminated: 09/05/2007
Jury Demand: None
Nature of Suit: 555 Prisoner: Prison Condition
Jurisdiction: Federal Question

**Plaintiff**

**Nyles Lawayne Watson**

represented by **Nyles Lawayne Watson**
E-83981
California State Prison - Solano
P.O. Box 4000
17-228L
Vacaville, CA 95696
PRO SE

V.

**Defendant**

**D. K. Sisto**
*Warden*

**Defendant**

**Dr. Traquina**
*C.M.O.*

**Defendant**

**Dr. Richard Tan**
*M.D.*

**Defendant**

**Dr. Jason Rohrer**
*M.D.*

**Defendant**

**Dr. A. Noriega**
*M.D.*

**Defendant**

**Dr. Naku**
*M.D.*

I hereby certify that the annexed instrument is a true and correct copy of the original on file in my office.
ATTEST:
RICHARD W. WIEKING
Clerk, U.S. District Court
Northern District of California
By [signature] Deputy Clerk
Date 9-6-07

| Date Filed | # | Docket Text |
|---|---|---|
| 08/28/2007 | 1 | COMPLAINT (No Process, IFPP); against D. K. Sisto, Traquina, Richard Tan, Jason Rohrer, A. Noriega, Naku. Filed byNyles Lawayne Watson. (ys, COURT STAFF) (Filed on 8/28/2007) (Entered: 08/28/2007) |
| 08/28/2007 | | CASE DESIGNATED for Electronic Filing. (ys, COURT STAFF) (Filed on 8/28/2007) (Entered: 08/28/2007) |
| 08/28/2007 | 2 | MOTION for Leave to Proceed in forma pauperis filed by Nyles Lawayne Watson. (ys, COURT STAFF) (Filed on 8/28/2007) (Entered: 08/28/2007) |
| 08/28/2007 | 3 | MOTION to Appoint Counsel filed by Nyles Lawayne Watson. (ys, COURT STAFF) (Filed on 8/28/2007) (Entered: 08/28/2007) |
| 08/28/2007 | 4 | CERTIFICATE OF SERVICE by Nyles Lawayne Watson re [2] MOTION for Leave to Proceed in forma pauperis, [3] MOTION to Appoint Counsel, [1] Complaint (ys, COURT STAFF) (Filed on 8/28/2007) (Entered: 08/28/2007) |
| 09/04/2007 | 5 | ORDER OF TRANSFER (SI, COURT STAFF) (Filed on 9/4/2007) (Entered: 09/04/2007) |
| 09/05/2007 | | (Court only) ***Civil Case Terminated. (ts, COURT STAFF) (Filed on 9/5/2007) (Entered: 09/05/2007) |
| 09/06/2007 | 6 | CLERK'S LETTER dated 9/6/07 to the USDC Eastern District of California re transfer of case. (far, COURT STAFF) (Filed on 9/6/2007) (Entered: 09/06/2007) |

PROOF OF SERVICE

AND AFFIDAVIT OF SERVICE

FILED

AUG 2 8 2007

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

C 07 4451

SI (PR)

I am over 18 years of age and a party to the within action; my address is:

NYLES LAWAYNE WATSON
CSP-SOLANO - E83981
P.O. BOX 4000 - 17-237L
VACAVILLE, CA. 95696-4000

On the 21st day of August, 2007, I served one copy of the following:

1983 Civil Complaint Title 42 USC 1983
In Forma Pauperis Application
Motion For Appointment of Counsel

A total of 79 pages ( ) page(s) served herewith, including all attachments (not including this Affidavit of Service) by United States Postal Service,

Place In Solano State Prison
Mail Box In 17 Building yard 3

TO: Clerk of Northern District court
450 Golden Gate Avenue
P.O. Box 36060
SAN FRANCISCO, CA. 94102

I declare under penalty of perjury under the laws of the State of California that the above is true, correct and complete, and that this Affidavit of Service was executed on August 21st, 2007 at Vacaville, California.

Nyles Lawayne Watson
In Pro Se E83981

NYLES LAWAYNE WATSON E-83981
Box 4000- 17-228L
Vacaville, CA 95696-4000
Plaintiff In Pro Se

FILED
AUG 2 8 2007
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

E-filing

UNITED STATES DISTRICT COURT

IN AND FOR THE Northern DISTRICT OF CALIFORNIA

SI

NYLES LAWAYNE WATSON,

Plaintiff,

vs.

D.K.SISTO WARDEN,et.al.,

Defendant(s).

No. C 07 4451

(PR)

MOTION FOR APPOINTMENT OF COUNSEL FOR FEDERAL CIVIL RIGHTS PROCEEDING.

TO THE HONORABLE JUDGES OF THE ABOVE ENTITLED COURT:

Plaintiff hereby moves this court for an order appointing counsel pursuant to 28 U.S.C. §1915. Plaintiff is without funds to hire counsel and without funds to pay costs or for experts.

Plaintiff hereby declares that his assets are $ Ø and his income, if any, is $ Ø, per month. Plaintiff is currently incarcerated at California State Prison Solano, at Vacaville, California.

Plaintiff also requests counsel so that his interests

may be protected and afforded due process of law by the professional assistance due to the complexity of the issues involved. Plaintiff avers he has set forth a colorable claim for relief. Plaintiff is a layman of the law.

Plaintiff requests counsel in order that counsel may prepare for an evidentiary hearing and/or requests for discovery.

Plaintiff declares under penalty of perjury that the foregoing is true and correct. Executed this 21st day of August, 2007 at California State Prison Solano, at Vacaville, California.

Nyles Lawayne Watson
PLAINTIFF IN PRO SE

**POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR APPOINTMENT OF COUNSEL IN FEDERAL CIVIL RIGHTS PROCEEDING.**

Plaintiff here in has filed a federal lawsuit alleging deprivation of constitutional rights by state or county employees. As noted from the complaint filed and other/or other memoranda of law, the case at bar is a meritorious claim. This is also shown by the district court's screening which allows plaintiff to proceed herein. See e.g. Sours v. Norris (8th Cir. 1986) 782 F.2d 106, 107; Hendricks v. Coughlin (2nd 1997) 114 F.3d 390, 393-395; Burns v. County of King (9th Cir. 1989) 883 F.2d 819, 824.

Plaintiff is incarcerated and his ability to marshal evidence in his behalf and interview witnesses is extremely limited. The case may require depositions, extensive documentary evidence, or access to witnesses (such as prisoners who may have transferred from the current prison), or due to such investigation, plaintiff might suffer retaliation from prison officials for his investigation. See Tabron v. Grace (3rd Cir. 1993) 6 F.3d 147, 156; Tucker v. Randall (7th Cir. 1991) 948 F.2d 388, 391-392.

The evidence in plaintiff's case probably will be strongly disputed by the defendant's herein. Credibility issues herein might become an important factor. This also supports the appointment of counsel. See Rayes v. Johnson (8th Cir. 1992) 969 F.2d 700, 704; Gatson v. Coughlin (W.D.N.Y. 1985) 679 F.Supp. 270, 273; Norton v. Dimazana (5th Cir. 1997) 122 F.3d 286, 293

Plaintiff is not an experienced "jailhouse lawyer" and has a limited education experience. See e.g. Tabron v. Grace, supra, 6 F.3d at 156; Whisenant v. Yuam (4th Cir. 1984) 739 F.2d 160, 163.

Complex legal and factual issues may arise in plaintiff's case. Plaintiff may need the appointment of/or the use of expert witnesses. See e.g. Moore v. Mabus (5th Cir. 1992) 976 F.2d 268, 272. This case may also be tried before a jury. This supports the appointment of counsel. Abdullah v. Gunter (8th Cir. 1991) 949 F.2d 1032, 1036. Issues like qualified immunity, affirmative defenses, standards of review, burdens of proof issues also support the appointment of counsel. See e.g. Nilsson v. Coughlin (S.D.N.Y. 1987) 670 F.Supp. 1186, 1189; Swofford v. Mandrell (7th Cir. 1992) 969 F.2d 547, 552; Johnson v. Williams (8th Cir. 1986) 788 F.2d 1319, 1323-24; Vines v. Howard (E.D.Pa. 1987) 676 F.Supp. 608, 616.

Wherefore, plaintiff prays this court appoint counsel to represent plaintiff.

ORIGINAL

COMPLAINT BY A PRISONER UNDER THE CIVIL RIGHTS ACT, 42 U.S.C § 1983

Name WATSON, NYLES L.
(Last) (First) (Initial)

Prisoner Number E-83981

Institutional Address P.O.Box 4000-17-228L Vacaville,Ca.95696

FILED
AUG 28 2007
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

NYLES LAWAYNE WATSON
(Enter the full name of plaintiff in this action.)

vs.

D.K.SISTO WARDEN et,al.,
Dr.Traquina C.M.O. / Dr.Richard Tan M.D.
Dr.Jason Rohrer M.D./Dr.A.Noriega M.D.
Does 1 through 200 Inclusive
(Enter the full name of the defendant(s) in this action)

Case No. C 07 4451
(To be provided by the Clerk of Court)

**COMPLAINT UNDER THE CIVIL RIGHTS ACT, Title 42 U.S.C § 1983**

(PR)

*[All questions on this complaint form must be answered in order for your action to proceed..]*

I. Exhaustion of Administrative Remedies.

[Note: You must exhaust your administrative remedies before your claim can go forward. The court will dismiss any unexhausted claims.]

A. Place of present confinement CSP SOLANO STATE PRISON

B. Is there a grievance procedure in this institution?

YES (x) NO ( )

C. Did you present the facts in your complaint for review through the grievance procedure?

YES (X) NO ( )

D. If your answer is YES, list the appeal number and the date and result of the appeal at each level of review. If you did not pursue a certain level of appeal, explain why.

1. Informal appeal Bypassed by Dr.Naku on 8/31/06 he sent it to the next level for a response

2. First formal level See;Exhibit (A) Director's Level Appeal Decision

3. Second formal level Same as above see:exhibit which has been attached to complaint

4. Third formal level See attached exhibit

E. Is the last level to which you appealed the highest level of appeal available to you?

YES (X) NO ( )

F. If you did not present your claim for review through the grievance procedure, explain why.

N/A

II. Parties.

A. Write your name and your present address. Do the same for additional plaintiffs, if any.

PLAINTIFF:::NYLES LAWAYNE WATSON E-83981 P.O.Box 4000 17-228L CSP Solano Vacaville,California 95696-4000

B. Write the full name of each defendant, his or her official position, and his or her place of employment.

D.K.Sisto Warden P.O.Box 4000 Vacaville,Ca.95696 Solano State Prison

All named Defendant's are Employeed by the Department of Corrections of California and work at Solano State Prison: Dr.Traquina C.M.O./ Dr.Richard Tan M.D. /Dr.Jason Rohrer M.D. /Dr.A.Noriega M.D./ and Dr.Naku M.D. and Does 1 through 200 Inclusive /other names may be added in the future as the correct names and their positions become known.

III. Statement of Claim.

State here as briefly as possible the facts of your case. Be sure to describe how each defendant is involved and to include dates, when possible. Do not give any legal arguments or cite any cases or statutes. If you have more than one claim, each claim should be set forth in a separate numbered paragraph.

My medical rights under the 8th Amendment to the U.S. Constitution HAS been violated by each named defendant who intentionally deprived me of proper medical treatment and care,their acts and actions has caused me to suffer ongoing pain and discomfort,as well as caused continued on-going mental and physical distress in the form of Cruel and Unusual Punishment.Each defendant knew of my degenerated disk ,yet they've failed to abate the medical problem, Each defendant is also aware that the present treatment and pain medication has not help ease my pain . ,Yet they have ignored my continued request for proper surgery and treatment in the Appeal the defendant's claim that I've avoided surgery which is untrue' I seek a "Titanium Disk to replace the disk that have completely degenerated leaving my vertebra completely 'closed shut, "Instead the defefendant's ( see attached sheet continue of Statement of Claim)

IV. Relief.

Your complaint cannot go forward unless you request specific relief. State briefly exactly what you want the court to do for you. Make no legal arguments; cite no cases or statutes.

Demand of Jury Trial pursuant to the Rules of this Court, Each of the Defendant's are being Sued in their Individual Capacity; to be fully compensated for the pain and suffering that has been ongoing, To

(ADDITIONAL SHEET ATTACHED to complete the Statement of Claim)

what to Fuse my spine which not At my present Age would do me any good as far as helping me be able to have an active life, The Surgeon General of the United State, I believe approved the "Titanium disk to be used in spinal surgery, I maybe wrong about the Official but I do know that Titanium disks were approved in the year 2004,.

At present it is very painful in my condition, what is more cruel is that the Doctor's approved me for Physical Therapy I was scheduled in March of 2005 and was not 'seen until September of 2006, and the Theraptist only spoke with me for 30 minutes and that was it, no treatment was given to me ! It is Cruel and Unusual Punishment and the violation of my Federally protective Rights to have to go through ongoing Pain and Discomfort,.

Have a "Titanium disk to replace the degenerated disk, and Any or All other things which this "Court deems to be Just and Proper

I declare under penalty of perjury that the foregoing is true and correct.

Signed this 21st day of August, 2007

Nyles Lawayne Watson
(Plaintiff's signature)

# EXHIBIT COVER PAGE:

**Exhibit:** A

**Description of this exhibit:** Exhaustion of the Administrative Level enclosed is the:DIRECTOR'S LEVEL APPEAL DECISION

**Number of pages of this exhibit:**_______**pages**

**JURISDICTION: (Check only one)**

_____**Municipal Court**

_____**Superior Court**

_____**Appellate Court**

_____**State Supreme Court**

_____**United States District Court**

_____**United States Circuit Court**

_____**United States Supreme Court**

_____**California Department of Corrections, 602 Exhibit.**

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS AND REHABILITATION
INMATE APPEALS BRANCH
P. O. BOX 942883
SACRAMENTO, CA 94283-0001

# DIRECTOR'S LEVEL APPEAL DECISION

Date: NOV 14 2006

In re: Watson, E-83981
California State Prison, Solano
P.O. Box 4000
Vacaville, CA 95696-4000

IAB Case No.: 0604608 Local Log No.: SOL 06-02687

This matter was reviewed on behalf of the Director of the California Department of Corrections and Rehabilitation (CDCR) by Appeals Examiner B. Sullivan, Staff Services Manager I. All submitted documentation and supporting arguments of the parties have been considered.

**I APPELLANT'S ARGUMENT:** It is the appellant's position that he has a degenerated disk and his lower spine's vertebrae is completely shut closed. He is mobility impaired. He says that the condition of his spinal injury has been on-going. The consultation by the specialist regarding his x-ray showed that his lower vertebrae had completely degenerated leaving his disk shut which causes severe pain, suffering, and limits his daily activities. He asks to have surgery so that his lower vertebrae can have a titanium disk placed between them. He also asks to have his medication increased, to be placed on the list for spinal injections, to be given Physical Therapy (PT), and to receive a monetary reward for the pain and suffering he has experienced.

**II SECOND LEVEL'S DECISION:** The reviewer found that that the appellant had a magnetic resonance imaging of his lumbosacral spine on August 16, 2005, which revealed degenerative disk disease and facet arthropathy. The appellant's Unit Health Record showed that after having lumbar epidural injections in 2005, he showed improvement. The appellant has been provided with chronos for light duty assignment, a low bunk, a cane, back support, and a left wrist support. The appellant decided to avoid surgery right now and he was referred for epidural injections and PT. He was also given 800 milligrams (mg) of Neurontin two times each day and he receives Methadone 30 mg twice each day. The appeal is granted in part at the Second Level of Review.

**III DIRECTOR'S LEVEL DECISION:** Appeal is denied.

**A. FINDINGS:** At the Director's Level of Review, the appellant alleges that staff at SOL have shown deliberate indifference, cruel and unusual punishment, medical unprofessionalism, and he has received inadequate medical care. He says his Eighth Amendment rights have been violated. The appellant is apparently dissatisfied with the healthcare he is receiving at SOL. However, the appellant cannot dictate what type of health care and what prescriptions he should be provided. From all documentation included in this appeal the appellant has received numerous medical appointments, diagnostic tests, and receives ongoing medical care. The institution shall only provide medical services for inmates which are based on medical necessity and supported by outcome data as effective medical care. The appellant is advised that each practitioner determines, at the time of treatment, the extent of treatment for the health care problem. The appellant has not provided a compelling argument to warrant modification of the decision reached by the institution.

**B. BASIS FOR THE DECISION:**
Armstrong v. Davis Court Ordered Remedial Plan: ARPI, ARPII.A, ARPII.F
California Code of Regulations, Title 15, Section: 3085, 3350, 3354

**C. ORDER:** No changes or modifications are required by the institution.

This decision exhausts the administrative remedy available to the appellant within CDCR. If dissatisfied, the appellant may forward this issue to the California Victims Compensation and Government Claims Board, (formally known as the State Board of Control), Government Claims Unit, P.O. Box 3035, Sacramento, CA 95812-3035, for further review.

N. GRANNIS, Chief
Inmate Appeals Branch

cc: Warden, SOL
Health Care Manager, SOL
Appeals Coordinator, SOL
Medical Appeals Analyst, SOL

State of California Department of Corrections and Rehabilitation

# Memorandum

Date : August 31, 2006

To : **INMATE WATSON**
**CDC# E83981** 6-126L

From : **CALIFORNIA STATE PRISON-SOLANO, VACAVILLE, CA 95696-4000**

Subject: **FIRST LEVEL APPEAL RESPONSE- LOG# CSP-S-06-02687**

**ISSUE**

In your first level appeal you stated that you are mobility impaired due to a spinal injury and you are in pain. You also state that you have had spinal injections, which help very little.

You are requesting surgery so you can have a titanium disk placed between your vertebras. You also want your medications increased from 30 mg. to 40 mg. and you want to be placed back on a list for spinal injections. Lastly, you are requesting physical therapy 2 to 3 times a week and you want monetary compensation if your surgery is delayed.

**REGULATIONS:** The rules governing this issue are:

**California Code of Regulations, Title 15, Section (CCR) 3350. Provision of Medical Care and Definitions.**
(a) The department shall only provide medical services for inmates, which are based on medical necessity and supported by outcome data as effective medical care. In the absence of available outcome data for a specific case, treatment will be based on the judgment of the physician that the treatment is considered effective for the purpose intended and is supported by diagnostic information and consultations with appropriate specialists. Treatments for conditions, which might otherwise be excluded, may be allowed pursuant to section 3350.1(d).
(b) For the purposes of this article, the following definitions apply:
(1) Medically Necessary means health care services that are determined by the attending physician to be reasonable and necessary to protect life, prevent significant illness or disability, or alleviate severe pain, and are supported by health outcome data as being effective medical care.
(2) Outcome Study means the definition, collection and analysis of comparable data, based on variations in treatment, concerning patient health assessment for purposes of improving outcomes and identifying cost-effective alternatives.
(3) Outcome Data mean statistics such as diagnoses, procedures, discharge status, length of hospital stay, morbidity and mortality of patients, that are collected and evaluated using science-based methodologies and expert clinical judgment for purposes of outcome studies.

State of California Department of Corrections and Rehabilitation

# Memorandum

Date : September 30, 2006

To : **INMATE WATSON CDC# V-83981**

From : **CALIFORNIA STATE PRISON-SOLANO, VACAVILLE, CA 95696-4000**

Subject: **SECOND LEVEL APPEAL RESPONSE- LOG# CSP-S-06-02687**

**ISSUE**

In your appeal you claim you are mobility impaired due to a spinal injury and you are in pain. You also state you have had spinal injections, which help little.

You were dissatisfied with your First Level Appeal response. You state you were told by the therapist your referral was sent in February 2005, but you were not seen until September 2006. You claim you had to endure pain and suffering without proper amount of pain medication, which leaves you with ongoing pain and the need for proper care. You claim you are being treated indifferent.

You are requesting to have your pain medication increased to 40 mg. You want physical therapy treatment. You want to consult with a spine specialist. And you want spinal injections and any added pain substance that would aid in reducing the ongoing pain and suffering you have to endure.

**REGULATIONS:**

The rules governing this issue are:

**CCR 3350. Provision of Medical Care and Definitions.**

(a) The department shall only provide medical services for inmates, which are based on medical necessity and supported by outcome data as effective medical care. In the absence of available outcome data for a specific case, treatment will be based on the judgment of the physician that the treatment is considered effective for the purpose intended and is supported by diagnostic information and consultation with appropriate specialists. Treatments for conditions, which might otherwise be excluded, may be allowed pursuant to section 3350.1(d).

(b) For the purpose of this article, the following definitions apply:

(1) Medically Necessary means health care services that are determined by the attending physician to be reasonable and necessary to protect life, prevent significant illness or disability, or alleviate severe pain, and are supported by health outcome data as being effective medical care.

(2) Outcome Study means the definition, collection and analysis of comparable data, based on variations in treatment, concerning patient health assessment for purposes of improving outcomes and identifying cost-effective alternatives.

(3) Outcome data mean statistics such as diagnoses, procedures, discharge status, length of hospital stay, morbidity and mortality of patients, that are collected and

evaluated using science-based methodologies and expert clinical judgment for purposes of outcome studies.

(4) Severe pain means a degree of discomfort that significantly disables the patient from reasonable independent function.

(5) Significant illness and disability means any medical condition that causes or may cause if left untreated a severe limitation of function or ability to perform the daily activities of life or that may cause premature death.

**CCR 3354. Health Care Responsibilities and Limitations.**

(a) Authorized Staff. Only facility-employed health care staff, contractors paid to perform health services for the facility, or persons employed as health care consultants shall be permitted, within the scope of their licensure, to diagnose illness or, prescribe medication and health care treatment for inmates. No other personnel or inmates may do so.

(b) Inmate Workers. Only trained or certified inmates shall operate health care equipment. Inmates shall not be permitted to:

(1) Schedule appointments.

(2) Determine another inmate's access to health care services.

(3) Obtain blood samples.

(4) Administer blood.

(5) Introduce or discontinue intravenous infusions.

(6) Have access to surgical instruments, syringes, needles, medications, or health records except as otherwise specified in these regulations.

(7) Perform any task identified as a health care responsibility.

(c) Private Consultants. Health care personnel not employed by the department are not authorized to order treatment for an inmate. Such persons may offer opinions and recommendations for consideration by department health care staff as follows: An inmate or an inmate's responsible guardian or relative, or an attorney or other interested person wanting the inmate examined by a private physician, shall submit a written request to the institution head. The institution head shall, after consulting with the facility's chief medical officer grant the request unless convinced that specific case factors warrant denial. The fact of and reasons for such denial, and notice of the right to appeal the decision in writing to the director, shall be documented and given to the inmate or the person requesting the outside health care service. Costs of such private consultations or examinations shall be paid by the inmate or the person requesting the service.

(d) Emergency Health Care Attention. If an inmate is away from a facility for authorized reasons, such as assignment to a camp or transportation between institutions, becomes seriously ill or injured, emergency health care attention by available resources shall be obtained by the official in charge. Community physicians and hospitals shall be used if the inmate's condition does not permit prompt return to a department medical facility.

(e) Medical Sick Call. Each department facility confining inmates shall schedule times and locations for providing routine medical attention to general population inmates. A medical doctor, registered nurse, or medical technical assistant shall make daily visits to each nongeneral population housing unit to provide medical attention to inmates unable to use the sick call services provided for general population inmates. Staff conducting sick call shall screen medical problems appearing to require further medical attention and shall evaluate requests for appointments with other medical staff. A facility physician shall personally visit each specialized housing unit at least once each week.

**FINDINGS**

On August 25, 2006, you were interviewed by Dr. Rohrer during the first level of appeal review. At that time, you were provided with an opportunity to fully explain your appeal issues. Additionally, another inquiry of your appeal was conducted, which included a review of supporting documents,

Unit Health Record, applicable sections of California Code of Regulations (CCR) Title 15, and Departmental Operations Manual (DOM).

Results of this inquiry revealed that you were interviewed by Dr. Rohrer on August 25, 2006. Dr. Rohrer indicated you underwent an MRI of your lumbosacral spine on August 16, 2005, which revealed degenerative disc disease and facet arthropathy. Your health records reflect you had some improvement after having lumbar epidural injections twice a day, which was ordered by Dr. Mitchell, Neurologist. You also have been previously seen in physical therapy for treatment.

You have a Disability Evaluation CDCR Form 1845 on file that states you are mobility impaired and you have been provided appropriate chronos for a light duty assignment, a lower bunk, cane, back support, and a left wrist support.

After discussion of your condition with the doctor, you decided to postpone surgery for now, negating the need for a referral to a surgeon. Alternately, a new referral for epidural injections has been submitted on your behalf. Your medication profile indicates you currently are receiving Gabapentin twice a day for pain, as well as Methadone 30 mg twice a day.

There has been a lengthy waiting list for physical therapy services. CSP-Solano had one part time physical therapist contracted for services and personal issues required her take several months off work. Historically, CSP-Solano has not been able to find additional service providers until recently. Our new physical therapist has been working hard to evaluate all pending referrals and determine patient needs for service. The prior therapist also may be returning to work in the near future, which will further enhance the availability of services. Furthermore, we are working with the Division of Health Care Services and the Federal Receiver to address space issues and insufficient resources which preclude us from providing the quality (and quantity of) health care services we strive and desire to provide.

Many things affect ones perception of pain. While pain medication and other services may provide some relief to that perception, they may never completely resolve the pain. The art of medicine is a cooperative effort between the patient and the provider. You both must work together to determine a treatment plan which is maximally effective and yet does not cause harm (specifically your ability to function and perform daily activities). Providers have an obligation to work within a scope of standards. Sometimes, our personal desires do not agree with professional philosophy and practice. You are encouraged to continue to work with your providers to adequately develop your treatment plan to address your pain.

There is no documentation which substantiates your claim of indifferent treatment.

The above findings indicate your medical appeal issues have been addressed.

**DETERMINATION:** Based on the foregoing, your appeal is **partially granted,** in that the matter has been reviewed.

The appellant is advised that this issue may be submitted for a Third Level of Review if desired.

ALVARO C. TRAQUINA, M.D.
Chief Medical Officer/Health Care Manager

STATE OF CALIFORNIA DEPARTMENT OF CORRECTIONS

**REASONABLE MODIFICATION OR ACCOMMODATION REQUEST**
CDC 1824 (1/95)

| INSTITUTION/PAROLE REGION: | LOG NUMBER: | CATEGORY: |
|---|---|---|
| CSP-S | 06-02687 | 18. ADA |

medical

RECEIVED
2006 AUG 10 AM 10 05
CSP-SOLANO
APPEALS OFFICE

**NOTE: THIS FORM IS TO BE USED ONLY BY INMATES/PAROLEES WITH DISABILITIES**

*In processing this request, it will be verified that the inmate/parolee has a disability which is covered under the Americans With Disabilities Act.*

| INMATE/PAROLEE'S NAME (PRINT) | CDC NUMBER | ASSIGNMENT | HOURS/WATCH | HOUSING |
|---|---|---|---|---|
| WATSON, Nyles | E-83981 | LIBRARY CLERK | 7am-2pm/1pm-8 | 6Bldg.-126 L |

In accordance with the provisions of the Americans With Disabilities Act (ADA), no qualified individuals with a disability shall, on the basis of disability, be excluded from participation in, or be denied the benefits of the services, activities, or programs of a public entity, or be subjected to discrimination.

You may use this form to request specific reasonable modification or accommodation which, if granted, would enable you to participate in a service, activity or program offered by the Department/institution/facility, for which you are otherwise qualified/eligible to participate.

Submit this completed form to the institution or facility's Appeals Coordinator's Office. A decision will be rendered within 15 working days of receipt at the Appeals Coordinator's Office and the completed form will be returned to you.

If you do not agree with the decision on this form, you may pursue further review. The decision rendered on this form constitutes a decision at the FIRST LEVEL of review.

To proceed to SECOND LEVEL, attach this form to an Inmate/Parolee Appeal Form (CDC 602) and complete section "F" of the appeal form.

Submit the appeal with attachment to the Appeals Coordinator's Office within 15 days of your receipt of the decision rendered on this request form.

If you are not satisfied with the SECOND LEVEL review decision, you may request THIRD LEVEL review as instructed on the CDC 602.

## MODIFICATION OR ACCOMMODATION REQUESTED

DESCRIPTION OF DISABILITY: Degenerated disk / Lower spine's vertebra completely shut closed[Mobility Impaired]

WHAT VERIFICATION DO YOU HAVE OF YOUR DISABILITY? ADA verification in Medical file along with MRI print-out sheet and consultation from the Spinal Specialist/Surgeon

RECEIVED
OCT 19 2006
INMATE APPEALS BRANCH

DESCRIBE THE PROBLEM: The condition of my spinal injury has been on-going, the Consultation by the Specialist shown through x-ray that my lower vertebra had comletely degenerated leaving my disk shut which has caused severe pain and discomfort while suffering and also limiting my daily activities too' be non-existing,each day I find myself hurting with every small movement, I had tried the spinal injections which helped very little,

WHAT SPECIFIC MODIFICATION OR ACCOMMODATION IS REQUESTED? [1] to have surgery so that my lower vertebra can have a "TITANIUM DISK" placed between the vertebra's' [2] to have my medication upgraded to 40mg from the 30mg Iam now taking [3] to be placed on the list for spinal injections [4] and also to be given physical therapy sessions at least 2 to 3 times a week [5] 'if it is found that the Medical Staff has waiting to long for me to have correctible surgery and for the on-going pain and suffering to receive montetary award for : deliberate indifference

Nyles Lawayne Watson — INMATE/PAROLEE'S SIGNATURE

August 4, 2006 — DATE SIGNED

8-10-06

medical

REASONABLE MODIFICATION OR ACCOMMODATION REQUEST
CDC 1824 (1/95)

## REVIEWER'S ACTION

DATE ASSIGNED TO REVIEWER: 8-10-6
DATE DUE: 8-31-6

**TYPE OF ADA ISSUE**

☐ PROGRAM, SERVICE, OR ACTIVITY ACCESS (Not requiring structural modification)

☐ Auxiliary Aid or Device Requested

☑ Other See the attached response

☐ PHYSICAL ACCESS (requiring structural modification)

**DISCUSSION OF FINDINGS:** See the attached response

8/25/06 N/A
DATE INMATE/PAROLEE WAS INTERVIEWED

Dr. J. Rohrer, M.D.
PERSON WHO CONDUCTED INTERVIEW

**DISPOSITION**

~~☑ GRANTED~~ ~~☑ DENIED~~ error ☑ PARTIALLY GRANTED

**BASIS OF DECISION:** See the attached response

**NOTE:** *If disposition is based upon information provided by other staff or other resources, specify the resource and the information provided. If the request is granted, specify the process by which the modification or accommodation will be provided, with time frames if appropriate.*

| DISPOSITION RENDERED BY: (NAME) | TITLE | INSTITUTION/FACILITY |
|---|---|---|
| B Nally | for CP+S (A) | CSP-Solano |

## APPROVAL

| ASSOCIATE WARDEN'S SIGNATURE | DATE SIGNED |
|---|---|
| B Nally | 8/31/06 |

DATE RETURNED TO INMATE/PAROLEE: SEP - 5 2006

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS

# INMATE/PAROLEE APPEAL FORM

CDC 602 (12/87)

Location: Institution/Parole Region 1. ______ 2. ______

Log No. 1. ______ 2. ______

Category ______ 18 medical

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|---|---|---|---|
| WATSON,N. | E83981 | LAW LIBRARY CLERK | 6-126 L |

**A. Describe Problem:** dissatisified in 2004 the titanium disk were approved by the 'Surgeon General to be placed between vertebra's that has had a denerated disk,In my present condition my lower disk had "deteriorated to the point whereas my vertebra's are completely closed shut leaving me in ongoing pain and discomfort,'suffering to find a proper position to sit or lay down, it has also been discovered that the next disk above the closed vertebra is also half way denerated, to the point that my mobility and equilibrium has been disharmonized leaving me with limited activity, it's hard for me to get around or sit,bend or stoop and even lay on any side of my body for to long. And the Neurontins isn't working as they should!

If you need more space, attach one additional sheet.

**B. Action Requested:** [1] to have my pain medication increased to 40mg as requested [2] have the proper physcial therapy which would help me regain must of my functions in my lower back [3] spinal injections and any and all added pain medication which will reduce my suffering. [4] log number [5] monetary compensation for deliberate indifference to medical needs

Inmate/Parolee Signature: Nyles Sawayne Watson Date Submitted: 9/7/06

**C. INFORMAL LEVEL** (Date Received: ______)

Staff Response: ______

Staff Signature: ______ Date Returned to Inmate: ______

**D. FORMAL LEVEL**

If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

Signature: ______ Date Submitted: ______

Note: Property/Funds appeals must be accompanied by a completed Board of Control form BC-1E, Inmate Claim

CDC Appeal Number:

RECEIVED OCT 19 2006 APPEALS BRANCH

RECEIVED SEP 12 2006 CSP/SOLANO APPEALS OFFICE

#5-F 9-12 cc

First Level ☐ Granted ☐ P. Granted ☐ Denied ☐ Other ______

E. REVIEWER'S ACTION (Complete within 15 working days): Date assigned: ______ Due Date: ______

Interviewed by: ______

Staff Signature: ______ Title: ______ Date Completed: ______

Division Head Approved: Returned

Signature: ______ Title: ______ Date to Inmate: ______

F. If dissatisfied, explain reasons for requesting a Second-Level Review, and submit to Institution or Parole Region Appeals Coordinator within 15 days of receipt of response.

Signature: ______ Date Submitted: ______

Second Level ☐ Granted ☐ P. Granted ☐ Denied ☐ Other ______

G. REVIEWER'S ACTION (Complete within 10 working days): Date assigned: ______ Due Date: ______

☐ See Attached Letter

Signature: ______ Date Completed: ______

Warden/Superintendent Signature: ______ Date Returned to Inmate: ______

H. If dissatisfied, add data or reasons for requesting a Director's Level Review, and submit by mail to the third level within 15 days of receipt of response.

Signature: ______ Date Submitted: ______

For the Director's Review, submit all documents to: Director of Corrections
P.O. Box 942883
Sacramento, CA 94283-0001
Attn: Chief, Inmate Appeals

DIRECTOR'S ACTION: ☐ Granted ☐ P. Granted ☐ Denied ☐ Other ______

☐ See Attached Letter

Date: ______

CDC 602 (12/87)

STATE OF CALIFORNIA DEPARTMENT OF CORRECTIONS

# INMATE/PAROLEE APPEAL FORM

CDC 602 (12/87)

Location: Institution/Parole Region 1. SOL 2. ______

Log No. 1. 06-02687 2. ______

Category 18 medical

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|---|---|---|---|
| Watson,N. | E-83981 | Law Library Clerk | 6-126L |

A. Describe Problem: Refer to attached CDC-1824

If you need more space, attach one additional sheet.

B. Action Requested: [1]to have my pain medication increased to 40mg[2]to have proper physcial therapy treatment[3] spinal injections and any added pain substance that would aid in reducing the ongoing pain and suffering I have to endure [4] to consult with a Spine Specialist

Inmate/Parolee Signature: Nyles Lawayne Watson Date Submitted: 9/15/06

C. INFORMAL LEVEL (Date Received: ______)

Staff Response:

Staff Signature: ______ Date Returned to Inmate: ______

D. FORMAL LEVEL

If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

RECEIVED OCT 19 2006 INMATE APPEALS BRANCH

Signature: ______ Date Submitted: ______

Note: Property/Funds appeals must be accompanied by a completed Board of Control form BC-1E, Inmate Claim

CDC Appeal Number: medical

RECEIVED SEP 20 2006 CSP/SOLANO APPEALS OFFICE



First Level ☐ Granted ☐ P. Granted ☐ Denied ☐ Other

E. REVIEWER'S ACTION (Complete within 15 working days): Date assigned: ______ Due Date: ______

Interviewed by: ______

Staff Signature: ______ Title: ______ Date Completed: ______

Division Head Approved: Returned

Signature: ______ Title: ______ Date to Inmate: ______

F. If dissatisfied, explain reasons for requesting a Second-Level Review, and submit to Institution or Parole Region Appeals Coordinator within 15 days of receipt of response.

dissatisfied:It was told to me by the Therapist that my referral was sent in February of 2005,but I was not seen until September of 2006,having to endure pain and suffering without proper amount of pain medication,which leaves me with ongoing pain and the need for proper care,Iam being treated indifferent.

Signature: Nyles Lawayne Watson Date Submitted: 9/15/06

Second Level ☐ Granted ☒ P. Granted ☐ Denied ☐ Other

G. REVIEWER'S ACTION (Complete within 10 working days): Date assigned: 9-21-6 Due Date: 10-4-6

☒ See Attached Letter

Signature: ______ Date Completed: ______

Warden/Superintendent Signature: [signature] Date Returned to Inmate: OCT 10 2006

H. If dissatisfied, add data or reasons for requesting a Director's Level Review, and submit by mail to the third level within 15 days of receipt of response.

**ALVARO C. TRAQUINA, M.D.**
**Chief Medical Officer/HCM**

dissatisfied, I've suffered intentional deliberate indifference, cruel and unusual punishment, on going pain, improper diagnosis, medical malpractice, because of the unprofessionalism and improper care in violation of the 8th amendment, the inadequate medical care is ongoing

Signature: Nyles Lawayne Watson Date Submitted: 10/26/06

For the Director's Review, submit all documents to: Director of Corrections
P.O. Box 942883
Sacramento, CA 94283-0001
Attn: Chief, Inmate Appeals

DIRECTOR'S ACTION: ☐ Granted ☐ P. Granted ☒ Denied ☐ Other

☒ See Attached Letter

Date: NOV 14 2006

CDC 602 (12/87)

STATE OF CALIFORNIA — DEPARTMENT OF CORRECTIONS
INMATE/PAROLEE DISABILITY VERIFICATION (DPP)
CDC 1845 Provisional (Rev. 01/01)

E 83981

*CHECK ALL OF THE BOXES APPLICABLE*

| INMATE'S NAME: | CDC NUMBER: | INSTITUTION: | HOUSING ASSIGNMENT: | DATE FORM INITIATED: |
|---|---|---|---|---|
| WATSON, Nyles | E83798 | CSP-Sol | 23-68-L | 4-1-03 |

*Section A - E to be completed by a physician only*

## SECTION A: REASON FOR INITIATION OF FORM

- [ ] Inmate voluntarily self-identified to staff
- [ ] Observation by staff
- [ ] Third party evaluation request
- [ ] Medical documentation or Central File information

## SECTION B: CATEGORIES OF DISABILITY

- [ ] Blind/Vision Impaired
- [ ] Speech Impaired
- [ ] Deaf/Hearing Impaired
- [ ] Other
- [X] Mobility Impaired

## SECTION C: DISABILITIES IMPACTING PLACEMENT

1. [ ] PERMANENT WHEELCHAIR USER -DPW
2. [ ] PERMANENTLY MOBILITY IMPAIRED (Lower Extremities)-DPM
   *Cannot* walk 100 yards or up a flight of stairs without pausing *with* the use of aids (crutches, prothesis, or walker).
3. [ ] PERMANENTLY DEAF/HEARING IMPAIRED-DPH
   So severe they must rely on written communication, lip reading or signing as their residual hearing, with aids, will not enable them to hear an emergency warning, or effectively communicate.
4. [ ] PERMANENTLY BLIND/VISION IMPAIRED -DPV
   *Not* correctable to central vision acuity of less than 20/200 *with* corrective lenses.
5. [ ] PERMANENT INDISCERNIBLE/NO SPEECH-DPS
   *No* effective written communication.
6. [ ] OTHER IMPACTING PLACEMENT (See Comments below)-DPO

## SECTION D: DISABILITIES *NOT* IMPACTING PLACEMENT

A. [X] PERMANENTLY MOBILITY IMPAIRED (Lower Extremities)-DNM
   Walks 100 yards and up a flight of stairs without pause
   [X] *without* aids [ ] *with* aids (crutches, prothesis, or walker)
B. [ ] PERMANENT NONAMBULATORY MOBILITY IMPAIRMENT
   (e.g., arm or hand prostheses, or missing digit(s))
C. [ ] PERMANENTLY HEARING IMPAIRED-DNH
   With residual hearing at a functional level *with* hearing aid(s).
D. [ ] PERMANENTLY BLIND/VISION IMPAIRED-DNV
   *Correctable* to central vision acuity less than 20/200 with corrective lenses.
E. [ ] PERMANENT INDISCERNIBLE/NO SPEECH-DNS
   Communicates *effectively* in writing.

## SECTION E: Additional Medical Information

List assistance needed with daily living activities: (*i.e., eating, bathing, dressing, etc.*) Low bunk/tier chrono 2-6-03
Soft shoe chrono 2-6-03 back brace chrono 2-20-03
Light duty chrono 2-6-03 wrist brace 4-1-03

Per 128C(s) dated: as above

Has the following documented health care needs:
- [ ] In-patient
- [ ] Sun Sensitive
- [ ] Out-patient
- [ ] Heat Risk/Alert
- [ ] Cannot be exposed to particulates in the air

Refer to 128C(s) dated:

- [ ] DISABILITY NOT VERIFIED (*Explain in comments section*)
- [X] VERIFIED DISABILITY IN: [ ] SECTION C [X] SECTION D

DOCUMENTED MENTAL HEALTH NEEDS
- [ ] CCCMS
- [ ] EOP
- [ ] MHCB
- [ ] DMH

Refer to 128C(s) dated: 2-6-03 (see sect E)

## SECTIONS A through E COMPLETED BY:

| Physician's Name (Print) | Physician's Signature | Date Signed |
|---|---|---|
| Lippenberg | Lippenberg | 4-1-03 |

## SECTION F: ADDITIONAL PLACEMENT FACTORS AND INFORMATION

*For completion by correctional counseling staff*

- [ ] Uses American Sign Language (A.S.L.)
- [ ] Uses Signing Exact English (S.E.E.)
- [ ] Communicates in writing
- [ ] Reads lips
- [ ] Reads braille
- [ ] Requires large print
- [X] NO ADDITIONAL INFORMATION AVAILABLE

SECTION F COMPLETED BY:
NAME: M. Castill TITLE: CCI DATE SIGNED: 4-10-03

## COMMENTS

pt has seen an orthopedist a neurologist and is awaiting an appointment with a neuro surgeon and a physical Therapist evaluation.

DISTRIBUTION: Original - General Chrono Section of Central File Pink - Health Care Services for Health Care Record Yellow - Inmate/Parolee

Watson, Nyles CDC# E-83981 Hsg: 6-126L

MEDICAL PROBLEM: Severe DJD lumbar spine.

RECOMMENDATION:
1. Lower bunk.
2. Cane.
3. Back support,
4. Left wrist support.
5. No prolonged standing, walking or sitting for more than 3 minutes.
6. No repeated stooping, bending, or squatting.
7. No lifting more than 10 pounds.

DURATION: 1 year.

B. Naku, M. D.
Physician and Surgeon

A. Traquina, M. D.
Chief Medical Officer/Health Care Manager

Orig: Central file
cc. Health record, Inmate, CCII, Fac Capt

/bc DATE CHRONO ORDERED: 03/14/06
DATE CHRONO TRANSCRIBED: 03/18/06

CSP-SOLANO

4

Watson, Nyles CDC#E-83981 Hsg: 23-G-5L

MEDICAL PROBLEM: CDC 1845, Section D, Mobility impaired inmate.

RECOMMENDATION: The above named inmate is mobility impaired and should be allowed to not get down in situation of alarm. He should wear an identifying yellow vest at all times while housed at CSP-Solano.

DURATION: Length of stay at CSP-Solano. until surgical correction done.

G. Toppenberg, M. D.
Physician and Surgeon

A. Traquina, M. D.
Physician and Surgeon, CMO

Orig: Central file
cc: Health record, Inmate, CCII, Fac Capt

/bc 11/06/03 (R&T:11/07/03)

CSP-SOLANO

| DATE | TIME | PROBLEM # | |
|---|---|---|---|
| | 9/25/06 | | [illegible] inmate was s/p 1/10 [illegible] |
| | | | c CC [illegible] referral for |
| | | | 1845 and re CC chronic back |
| | | | pain due to deg. disc dz |
| | | | requesting Titanium disc |
| | | | implant, an ↑ dose of methadone, |
| | | | physical therapy 2→3 x/week |
| | | | lumbar epidural injections |
| | | | & monetary remuneration for |
| | | | having to wait. |
| | | | You will be given a referral for P.T. |
| | | | & lumbar epidural steroid injection x3 |
| | | | Neurontin will be added to your pain |
| | | | regimen 800mg bid and a follow up |
| | | | appointment [illegible] in 30 days [signature] |

INSTITUTION | ROOM/WING

CDC NUMBER, NAME (LAST, FIRST, MI)

WATSON, NYLES

E 83981

6-126

**OUTPATIENT INTERDISCIPLINARY PROGRESS NOTES**

NOTE: SEND COPY OF PHYSICIAN'S ORDER FOR MEDICATION TO PHARMACY AFTER EACH ORDER IS SIGNED.

| Order Date | Time | Problem # | Physician's Order and Medication (Orders must be dated, timed, and signed.) |
|---|---|---|---|
| | 8/25/06 | | 1) refer to physical therapy |
| | | | 2) refer for lumbar epidural |
| | | | 3) neurontin 400mg po bid x 3d, |
| | | | then ↑ 800mg po bid x 30d |
| | | | 4) Methadone 30mg po bid x 30d |
| | | | 5) F/U w/ recall in 30 days. |
| | | | [illegible signature] [illegible notations] |

ALLERGIES:

INSTITUTION

ROOM/WING

CDC NUMBER, NAME (LAST, FIRST, MI)

WATSON, NYLES
E83981

Confidential client information
See W & I Code, Sections 4514 and 5328

PHYSICIAN'S ORDERS

CDC 7221 (2/00)
STATE OF CALIFORNIA
OSP 05 93459
DEPARTMENT OF CORRECTIONS

NOTE: SEND COPY OF PHYSICIAN'S ORDER FOR MEDICATION TO PHARMACY AFTER EACH ORDER IS SIGNED.

| Order Date | Time | Problem # | Physician's Order and Medication (Orders must be dated, timed, and signed.) |
|---|---|---|---|
| 22/8/06 | | | MED RENEWAL: |
| 1623 | | | > GABAPENTIN 400 MG ii CAPS BID |
| | | | > METHADONE 10 MG iii TABS BID } 30 d |
| | | | [signature] |
| | | | [illegible] 9/22/06 |
| 9/25/06 | | | Med. Renewal |
| 1203 | | | Gabapentin 400 mg ii caps BID |
| | | | Methadone 10 mg iii tabs BID } 30 |
| | | | [illegible] MAR 9/25/06 |
| | | | [illegible] 1245 Tesie R. Rallos, MD Physician & Surgeon [signature] |

| ALLERGIES: | INSTITUTION | ROOM/WING |
|---|---|---|
| Ø | CSP-SOL | 6-126 L |

CDC NUMBER, NAME (LAST, FIRST, MI)

WATSON, N

E 83981

Confidential client information See W & I Code, Sections 4514 and 5328

## PHYSICIAN'S ORDERS

600 Nut Tree Road, Suite 110
Vacaville, California 95687
Toll Free: (800) 894-7226
Phone: (707) 452-7226
Fax: (707) 452-8422

A.O. Rawal, M.D.M.S.
Medical Director

High-field Open MRI, MRA, Helical /Spiral CT, Ultrasound, Mammography, Digital Fluoroscopy, Diagnostic Radiology

## MRI OF THE LUMBAR SPINE WITHOUT CONTRAST

Date of Examination: 02-24-03

PATIENT: WATSON, NYLES

BIRTH DATE: [redacted]55

PATIENT ID: [redacted]

REFERRING PHYSICIAN:
Dr. Kofoed
Po Box 4000
Vacaville, CA 95696-4000

CLINICAL HISTORY: Spondylolisthesis.

Comparison: None.

EXAMINATION TECHNIQUE:

T1 and T2 sagittal and T2 axial images were performed. Study was performed on a **Hitachi Altaire Open High-Field MRI unit.**

**EXAMINATION FINDINGS:**

BONY ELEMENTS: Five lumbar-type vertebral bodies are assumed. The vertebral bodies are counted from below upwards, L5 through L1. This terminology should be kept in mind if procedure or surgery is contemplated on this patient. Moderate to marked reactive bone marrow changes at L5-S1 and minimal reactive changes at L4-5 and L2-3 are seen.

CONUS: Signal from the conus medullaris is normal.

INTERVERTEBRAL DISK SPACES:

L1-2: Minimal disk desiccation is seen.

L2-3: Minimal disk desiccation is seen.

L3-4: Minimal disk desiccation is seen. Minimal disk bulge is noted. Minimal facet joint arthropathy is present.

L4-5: Minimal disk desiccation, mild disk bulge and mild facet joint arthropathy is seen. Tiny posterior central annular tear with a small left neural foraminal/paracentral disk protrusion is present at L4-5. There is neural foraminal narrowing, especially on the left side. Facet joint arthropathy left more than right is seen.

visit us on the web at: www.radnet*online*.com

600 Nut Tree Road, Suite 110
Vacaville, California 95687
Toll Free: (800) 894-7226
Phone: (707) 452-7226
Fax: (707) 452-8422

A.O. Rawal, M.D.M.S.
Medical Director

High-field Open MRI, MRA, Helical /Spiral CT, Ultrasound, Mammography, Digital Fluoroscopy, Diagnostic Radiology

WATSON, NYLES – **MRI LUMBAR SPINE**
02-24-03

L5-S1: Marked disk desiccation is seen. Disk space narrowing is seen. Moderate diffuse disk bulge is present. A broad-based predominantly posterior central/slightly left paracentral disk protrusion is present. This causes narrowing of the lateral recess on the left, impression on the thecal sac, left anterolateral location. Facet joint arthropathy is present.

**IMPRESSION:**

1. Mild spondylitic changes primarily at L5-S1 and minimally at L4-5.
2. Small posterior central annular tear at L4-5.
3. Small left neural foraminal/paracentral disk protrusion at L4-5.
4. Moderate-sized, broad-based, predominantly posterior central/left paracentral disk protrusion at L5-S1 with narrowing of the lateral recess on the left.

**A.O. RAWAL, M.D.**

AOR:DMR
D: 02-25-03
T: 02-25-03

**State of California**
**CDC FORM 695**
**Screening For:**
CDC 602 Inmate/Parolee Appeals
CDC 1824 Reasonable Modification or Accommodation Request

---

RE: Screening at the FIRST Level

*September 12, 2006*

***WATSON, E83981***
*S106T1000000126L*

Log Number: CSP-S-06-02687
(Note: Log numbers are not assigned to screen out appeals, or informal level appeals)

The enclosed documents are being returned to you for the following reasons:

***Your appeal is incomplete. You must include supporting documentation. All documents must be legible. (If necessary, you may obtain copy(ies) of requested documents by sending your request with a signed trust withdrawal form to your assigned counselor.) Your appeal is missing:***

***YOU NEED TO START A NEW 602. COMPLETE SECTION "F" OF 602 FORM ONLY AND RETURN.***

Appeals Coordinator
CSP-SOLANO

**NOTE:** Failure to follow instruction(s) will be viewed as non-cooperation and your appeal will be automatically dismissed pursuant to CCR 3084.4(d). This screening decision may not be appealed. If you believe this screen out is in error, please return this form to the Appeals Coordinator with an explanation of why you believe it to be in error, and supporting documents. You have only 15 days to comply with the above directives.

**PERMANENT APPEAL ATTACHMENT – DO NOT REMOVE**

**UNITED STATES DISTRICT COURT**
**Northern District of California**
**450 Golden Gate Avenue**
**San Francisco, California 94102**

www.cand.uscourts.gov

Richard W. Wieking
Clerk

General Court Number
415.522.2000

September 6, 2007

United States District Court
Eastern District of California
501 I Street, Suite 4-200
Sacramento, CA 95814

RE: **CV-07-4451 SI (PR) Watson v. Sisto, et al.**

Dear Clerk,

Pursuant to an order transferring the above captioned case to your court, transmitted herewith are:

(X) Certified copy of docket entries

(X) Certified copy of TRANSFERRAL ORDER

(X) Original case file documents

(X) Please be advised that the above entitled action was previously designated to the Electronic Case Filing program. You can access electronically filed documents through PACER referencing the Northern District of California case number at https://ecf.cand.uscourts.gov

Please acknowledge receipt of the above documents on the attached copy of this letter.

Sincerely,
RICHARD W. WIEKING, Clerk

Felicia Reloba

by: Felicia Reloba
Case Systems Administrator

Enclosures
Copies to counsel of record