IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

NYLES LAWAYNE WATSON,

      Plaintiff,                    No. CIV S-07-1871 LKK GGH P

   vs.

D.K. SISTO, et al.,

      Defendants.             ORDER

_____/

        Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983. The gravamen of plaintiff's complaint is that defendants Warden Sisto and CSP-Solano physicians, Drs. Traquina, Tan, Rohrer, Noriega, and Naku, provided inadequate medical care in violation of his constitutional rights under the Eighth Amendment by not providing appropriate surgery, treatment and pain relief for a "degenerated disk" from which he suffers. Complaint, pp. 12-14.

        On 8/14/08, plaintiff sought a temporary restraining order/preliminary injunction arising from the alleged "ongoing illegal practice by the defendants' co-workers in the form of forcing me to wait from 40 minutes to an hour" before he is issued pain medication in the form of methadone. Request, p. 2. Plaintiff complains that the grievance process has afforded him no relief. Plaintiff includes exhibits among which is a grant he received from the nurse's supervisor

1

1  that nevertheless did not result in his receiving his pain medication timely.  Plaintiff includes a
2  copy of a document dated June 8, 2008, directed "to whom it may concern," wherein a
3  supervising registered nurse asks that plaintiff be allowed to wait for his narcotics after he
4  receives his insulin due to a mobility problem (although there is no indication as to the period of
5  time during which he is to receive the narcotics).  Request, p. 22.  Plaintiff also avers that on
6  7/17/08, he received a chrono stipulating that he is to receive his pain medication after having
7  received his insulin yet as retaliation for plaintiff's having filed a grievance against him, the
8  nurse forces plaintiff to wait for 40 minutes on a bench outside the clinic.  Request, p. 4.
9  Plaintiff includes affidavits of several inmates who agree that plaintiff has had to wait for 40 or
10  more minutes everyday for his pain meds.  Plaintiff contends that various prison officials,
11  including defendants Sisto and Traquina are aware that he is being subjected to unnecessary pain
12  by the delays to which he is subjected.  Request, p. 7.  Plaintiff claims to be a chronic care inmate
13  also designated as ADA mobility impaired, and that the unnamed RN allows other inmates who
14  are non-ADA qualified, to get to the clinic without having to walk from their buildings.  Request,
15  pp. 2, 9.

16  　　　　　In opposition, defendants argue that plaintiff has no likelihood of prevailing on
17  the merits and that plaintiff has not demonstrated that the defendants have been deliberately
18  indifferent to his medical needs, that their method of treatment amounts to a difference of
19  opinion between plaintiff and the defendant doctors as to how his back condition should be
20  treated.  Defendants contend that plaintiff's request addresses conduct by an unnamed nurse, not
21  a party to this action, that his claim that he incurs a 40-minute delay in receiving methadone is
22  not a claim asserted against the defendants.  Further, plaintiff himself, defendants observe (Opp.,
23  p. 2),  states that in any delay, plaintiff avers the unknown nurse "has refused to adhere to the
24  doctor's orders."  Request, p. 2.

25  　　　　　While defendants are correct that plaintiff has failed to specifically allege a delay
26  of pain medication with regard to his back/spine condition, he has claimed that defendants have

1  failed to provide adequate medical care, including pain treatment for that condition, and in his
2  preliminary injunctive relief request, he contends that defendants Sisto and Traquina are aware of
3  the delay.  Therefore, defendants must supplement their opposition to the pending request, within
4  twenty days, in the form of a declaration by defendant Dr. Traquina indicating whether or not
5  plaintiff is indeed subjected to a 40-minute delay when awaiting his prescribed pain relief, and if
6  he is, whether such a delay is warranted in light of plaintiff's claims of unnecessarily suffering
7  excruciating pain because of the delay.

             IT IS SO ORDERED.

DATED: 09/26/08

                                         /s/ Gregory G. Hollows
                                         _____
                                         GREGORY G. HOLLOWS
                                         UNITED STATES MAGISTRATE JUDGE

GGH:009
wats1871.pi