IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

NYLES LAWAYNE WATSON,

    Plaintiff,                      No. CIV S-07-1871 LKK GGH P

    vs.

D.K. SISTO, et al.,

    Defendants.                 ORDER

_____/

        Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's 1) motion for a temporary restraining order (TRO)/preliminary injunctive relief, opposed by defendants, filed on 8/04/08, to which defendants filed their opposition,[1] and 2) motion to compel, filed on 8/19/08, to which defendants Warden Sisto, Dr. Noriega, Dr. Traquina, Dr. Tan, and Dr. Rohrer filed their opposition on 8/25/08, and defendant Naku filed a separate opposition on 9/03/08.[2]

        After this court's careful review, the undersigned finds the questions raised and left unresolved by the moving, opposition, supplemental and reply papers with regard to

---

[1] Ancillary to this request, plaintiff asked for a telephonic hearing on his preliminary injunction request, filed on 8/19/08, which the court will deny as unnecessary in light of the appointment of counsel herein.

[2] Although some of the defendants have filed a motion for summary judgment, see Docket Entry (D.E.) # 46, filed on 11/18/08, that matter is not yet submitted.

1

1  plaintiff's request for preliminary injunctive relief not to be amenable to resolution on the
2  showing therein.  The court finds the allegations sufficiently colorable and the circumstances
3  sufficiently exceptional to warrant appointment of voluntary counsel and herein will appoint
4  counsel drawn from the voluntary members of the civil rights pro bono panel.  See <u>Terrell v.</u>
5  <u>Brewer</u>, 935 F.2d 1015, 1017 (9th Cir. 1991); <u>Wood v. Housewright</u>, 900 F.2d 1332, 1335-36
6  (9th Cir. 1990).  As plaintiff will be proceeding with counsel, the court will vacate the pending
7  motions without prejudice to their renewal by counsel for plaintiff, as appropriate.  Accordingly,
8  the court finds as follows:
9          Efforts to obtain legal representation without order of this court would be futile;
10          1. Plaintiff's income is 125 percent or less of the current poverty threshold
11  established by the Office of Management and Budget of the United States and is otherwise
12  without resources to obtain counsel;
13          2. This case is of a type that attorneys in this district ordinarily do not accept
14  without prepayment of a fee;
15          3. This case is not a fee generating case within the meaning of California Business
16  and Professions Code § 8030.4(g); and
17          4. This case has sufficient merit to warrant appointment pursuant to General
18  Order No. 230.
19          Therefore, this court orders as follows:
20          1. James P. Baker is appointed as attorney for plaintiff pursuant to General Order
21  No. 230;
22          2.  Counsel is directed to contact the Clerk's Office to make arrangements for
23  copies of the file;
24          3. Counsel shall submit all deposition transcript costs for payment pursuant to
25  § 8030.6 of the California Business and Professions Code.  All other contemplated costs shall be
26  handled as described in General Order No. 230;

1        4. This case is to be set on this court's law and motion calendar for a status conference within 60 days, pursuant to a stipulation to be filed by plaintiff's and defendants' counsel after coordinating with the undersigned's courtroom deputy, Valerie Callen, at (916) 930-4199;

         5. The Clerk shall electronically serve a copy of this order on James P. Baker at jpbaker@jonesday.com.

         IT IS FURTHER ORDERED that:

         1. Plaintiff pro se's request for a telephonic hearing on his request for preliminary injunctive relief, filed on 8/19/08 (# 29), is denied as unnecessary.

         2. Plaintiff's motion for a TRO/TRO/preliminary injunctive relief, filed on 8/04/08 (# 24), is vacated from the court's calendar without prejudice to its renewal, as appropriate, by counsel now appointed for plaintiff;

         3. Plaintiff's motion to compel, filed on 8/19/08 (#32), is also vacated without prejudice to appropriate renewal.

DATED: December 23, 2008

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:009
wats1871.app

3