James P. Baker (State Bar No. 96302)
jpbaker@jonesday.com
JONES DAY
555 California Street, 26th Floor
San Francisco, CA 94104-1500
Telephone: 415.626.3939
Facsimile: 415.875.5700

Attorneys for Plaintiff
NYLES LAWAYNE WATSON

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Nyles Lawayne Watson,** | **Case No. CIV S-07-1871 LKK GGH P** |
| **Plaintiff,** | **MOTION FOR DENIAL OR CONTINUANCE OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT UNDER RULE 56(f)** |
| v. | |
| **D.K. Sisto, et al.,** | |
| **Defendant.** | |

## I. INTRODUCTION.

Plaintiff Nyles LaWayne Watson ("Watson") brings this Motion for Denial or Continuance of Defendants' Motion for Summary Judgment pursuant to Rule 56(f) of the Federal Rules of Civil Procedure. In support, Watson submits the Declaration of James P. Baker ("Baker Declaration"), which demonstrates the incomplete nature of discovery conducted in this case. Watson requests under Rule 56(f) that the court deny defendants' motion so that Watson may seek meaningful discovery and file a motion for leave to file an amended complaint.

## II. BACKGROUND.

Watson, acting pro se, filed his complaint under 42 U.S.C. § 1983 on August 28, 2007. (*See* Baker Decl. ¶ 2.) He immediately sought appointment of counsel, and renewed his request on two additional occasions during the pendency of this litigation. (*See* Baker Decl. ¶ 9.) Without the assistance of counsel, Watson litigated this action for more than a year. During that period, Watson timely sought discovery from defendants, placed considerable evidence of his claim on the record, moved for a preliminary injunction to address his interim harm, and filed a motion to compel the production of documents that defendants refused to produce. (*See* Baker Decl. ¶¶ 4, 5, 7.)

In the meantime, defendants turned over negligible discovery and filed pro forma oppositions to Watson's motions. (*See* Baker Decl. ¶¶ 4, 5, 7.) After the Court ordered defendants to supplement their opposition to Watson's motion for injunctive relief to address the failure of California State Prison-Solano ("CSP-Solano") personnel to abide by defendants' own medical recommendations, defendants purported to reevaluate Watson's medical needs and then rewrote those recommendations to match the precise level of care that Watson complained was inadequate. (*See* Baker Decl. ¶ 6.) On November 11, 2008, before the discovery period had closed and while Watson's motion to compel the production of documents was still pending, defendants Dennis K. Sisto, Alvaro C. Traquina, M.D., Richard Tan, M.D., Jason Rohrer, M.D., and Alfredo Noriega, M.D. prematurely moved for summary judgment. (*See* Baker Decl. ¶ 8.)

Only after defendants had filed their motion for summary judgment, and after the initial discovery deadline of December 3, 2008 had passed, was counsel appointed for Watson. (*See*

1  Order of December 23, 2008, Docket No. 48.)  In the same order appointing counsel, the Court
2  vacated Watson's pending motions, including his motion to compel, without prejudice to their
3  renewal.  (*Id.*)  Newly appointed counsel promptly contacted defense counsel to request that they
4  stipulate to a stay of the proceedings and an extension of the discovery deadlines pending
5  counsel's investigation of Watson's claims.  (*See* Baker Decl. ¶ 11.)  Although counsel for
6  defendant Binoye Naku, M.D. communicated her willingness to stipulate to a reasonable
7  extension of the discovery deadlines, counsel for defendants Sisto, Traquina, Tan, Rohrer, and
8  Noriega refused.  (*See* Baker Decl. ¶ 11.)

9  **III.    ARGUMENT.**

10           **A.    The Legal Standard For Rule 56(f).**

11  Where a party opposing a motion for summary judgment has had insufficient opportunity
12  to engage in discovery, "the court may: (1) deny the motion; (2) order a continuance to enable
13  affidavits to be obtained, depositions to be taken, or other discovery to be undertaken; or (3) issue
14  any other just order."  Fed. R. Civ. Proc. 56(f).  Therefore, this Court may deny defendants'
15  motion for summary judgment if it believes that Watson needs "additional discovery to explore
16  'facts essential to justify [his] opposition.'"  *Jones v. Blanas*, 393 F.3d 918, 930 (9th Cir. 2004)
17  (citing to *Crawford-El v. Britton*, 523 U.S. 574, 599 n.20 (1998) and noting that "summary
18  judgment is disfavored where relevant evidence remains to be discovered, particularly in cases
19  involving confined pro se plaintiffs").  Although the decision under Rule 56(f) is discretionary
20  with the trial court, the Court of Appeals for the Ninth Circuit has interpreted Supreme Court
21  precedent on Rule 56(f) "as requiring, rather than merely permitting, discovery 'where the
22  nonmoving party has not had the opportunity to discover information that is essential to its
23  opposition.'"  *Metabolife Int'l, Inc. v. Wornick*, 264 F.3d 832 (9th Cir. 2001) (quoting *Anderson
24  v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 n. 5 (1986)).  Put another way, if a party has not had a
25  "realistic opportunity to pursue discovery relating to its theory of the case, district courts should
26  grant any Rule 56(f) motion fairly freely."  *Burlington N. Santa Fe R.R. Co. v. Assiniboine &
27  Sioux Tribes of Fort Peck Reservation*, 323 F.3d 767, 773-74 (9th Cir. 2003).
28  ///

**B.     Defendants Have Failed To Turn Over Meaningful Discovery Despite Watson's Diligent Pursuit Of Discovery.**

Since filing this lawsuit, Watson has diligently abided by his discovery obligations. Despite his status as a confined pro se plaintiff, Watson caused interrogatories and document requests to be served on defendants in a timely fashion. (*See* Baker Decl. ¶ 4.) In response to those requests, defendants have failed to produce any documents beyond publicly available information regarding the physician defendants' medical qualifications and a single policy manual regarding the provision of medical treatment at CSP-SOLANO. (*See* Baker Decl. ¶ 4.) Similarly, defendants have objected to many of Watson's interrogatories on account of their form. (*See* Baker Decl. ¶ 4.) Denied access to meaningful discovery, Watson appropriately filed a motion to compel in August 2008. (*See* Baker Decl. ¶ 7.) Nonetheless, with full knowledge of the ongoing discovery dispute, defendants Sisto, Traquina, Tan, Rohrer, and Noriega prematurely moved for summary judgment more than two months before the discovery completion date. (*See* Baker Decl. ¶ 8.)

As set forth in the accompanying declaration, Watson has identified specific information that he believes will provide relevant evidence supporting his claims if the discovery deadline is extended. Specifically, Watson seeks records regarding his requests for medical treatment and the treatment subsequently provided, data regarding the medical treatment provided to prisoners with similar medical conditions, information relating to the prison's policies and procedures for the provision of medical treatment, information relating to defendants' medical training, records of complaints and grievances filed against the defendants, records of Watson's alleged noncompliance with treatment recommendations, and information regarding the retaliatory actions taken against Watson after filing this action. (*See* Baker Decl. ¶ 12.) This information, all of which is in defendants' control, is highly relevant to Watson's claims that defendants have acted with deliberate indifference to his serious medical needs. Defendants' failure to turn over relevant discovery, though perhaps unsurprising in light of the California prison system's well-documented failure to take seriously the medical needs of inmates, *see Plata v. Schwarzenegger*, No. C01-1351 TEH, 2005 WL 2932253, at *1 (N.D. Cal. Oct. 3, 2005) (appointing a receiver

because the Calfornia "prison system is unable to function effectively and suffers a lack of will with respect to prisoner medical care"), belies their contention that summary judgment is appropriate and supports Watson's motion for a denial of that motion under Rule 56(f).

### C. This Court Should Grant The Rule 56(f) Motion To Provide Watson With An Opportunity To Engage In Meaningful Discovery.

Courts in this District have not hesitated to grant Rule 56(f) motions in situations where incarcerated pro se litigants have had insufficient opportunity to take meaningful discovery. *See Young v. Pulsipher*, No. CIV S-03-2225 GEB KJM P, 2007 WL 404908, at *10-*12 (E.D. Cal. Feb. 2, 2007) (granting plaintiff prisoner's Rule 56(f) motion and denying defendant's Rule 56 motion); *Martin v. Viles*, No. CIV S-04-0756 LKK JFM P, 2006 WL 2385180 (E.D. Cal. Aug. 17, 2006) (granting plaintiff prisoner's Rule 56(f) motion pending resolution of discovery disputes). Similarly, Watson was without counsel throughout the discovery period and at the time defendants filed their motion for summary judgment. As the Court of Appeals for the Ninth Circuit has recognized, summary judgment in these circumstances would be particularly inappropriate considering Watson's circumstances. 393 F.3d at 930.

Moreover, defendants' minimal production of discovery prior to the filing of their motion for summary judgment supports Watson's request for significant additional discovery under Rule 56(f). As the Court of Appeals for the Ninth Circuit has explained, in the absence of any meaningful discovery, "the party making a Rule 56(f) motion cannot be expected to frame its motion with great specificity as to the kind of discovery likely to turn up useful information, as the ground for such specificity has not yet been laid." *Burlington N. Santa Fe R.R. Co. v. Assiniboine and Sioux Tribes of Fort Peck Reservation*, 323 F.3d 767, 774 (9th Cir. 2003) (concluding that district court abused its discretion by denying Rule 56(f) motion before any discovery had taken place). Accordingly, Watson should be provided an opportunity to conduct broad additional discovery with the assistance of his newly appointed counsel.

///
///
///

## IV. CONCLUSION.

For the reasons stated above, Watson respectfully requests that the Court deny or continue defendants' motion for summary judgment and extend the discovery schedule, so that Watson may have the benefit of meaningful discovery and seek leave to file an amended complaint.

Dated: January 27, 2009

Respectfully Submitted,

Jones Day

By: /s/ James P. Baker
James P. Baker

Attorneys for Plaintiff
Nyles Lawayne Watson