EDMUND G. BROWN JR., State Bar No. 37100
Attorney General of California
STEVEN M. GEVERCER, State Bar No. 112790
Supervising Deputy Attorney General
CATHERINE WOODBRIDGE GUESS
State Bar No. 186186
 1300 I Street, Suite 125
 P.O. Box 944255
 Sacramento, CA 94244-2550
 Telephone: (916) 445-1968
 Fax: (916) 324-8835
 E-mail: Catherine.Woodbridge@doj.ca.gov
*Attorneys for Defendants
California Department of Corrections and
Rehabilitation, Jason Roher, M.D., Alfredo Noriega,
M.D., Richard Tan, M.D., Dennis K. Sisto, Binoye
Naku, M.D. and Alvaro C. Traquina, M.D.*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| **NYLES LAWAYNE WATSON,**<br><br>                              Plaintiff,<br><br>     v.<br><br>**D. K. SISTO, et al.,**<br><br>                              Defendants. | CIV-S-07-1871 LKK GGH P<br><br>**NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; AND DECLARATION OF CATHERIN GUESS**<br><br>Date:         July 30, 2009<br>Time:        10:00 a.m.<br>Dept:         24, 8th Floor<br>Judge        Gregory Hollows<br>Trial Date    N/A<br>Action Filed: September 10, 2007 |

# TABLE OF CONTENTS

**Page**

Memorandum of points and authorities in support of motion to dismiss ....................................... 1
    I. Introduction ................................................................................................... 1
    II. Factual Allegations ....................................................................................... 1
    III. Legal Standard .............................................................................................. 2
    IV. Argument in Support of Motion to Dismiss ................................................. 2
        A. The first cause of action for alleged deliberate indifference to medical needs fails to state a claim against defendants ............................ 3
            1. The Eleventh Amendment bars plaintiff's claims against CDCR, CSP-Solano, Chief Medical Officer Dr. Traquina and retired warden Sisto. ................................................................. 3
                a. Ex Parte Young does not apply ............................................ 3
                b. The court lacks jurisdiction to grant retroactive relief ........ 3
                c. Plaintiff's injunctive relief claim falls within the scope of a pending class action involving prison medical care, and, therefore, this court is without jurisdiction to hear plaintiff's claim. .................................. 4
            2. Plaintiff fails to state a viable claim under § 1983 .......................... 6
                a. CDCR and CSP-Solano are not "persons" within the meaning of § 1983 ................................................................. 6
                b. Dr. Traquina and retired warden Sisto in their official capacity are not "persons" under § 1983. ............... 6
                c. Respondeat superior liability does not exist for 1983 claims ............................................................................... 6
            3. Plaintiff's allegations regarding actions between 2002-September 11, 2003 are time-barred. .............................................. 8
        B. The second cause of action for violation of the First Amendment fails to state a claim ................................................................................. 8
        C. Plaintiff's third cause of action for violation of the ADA and Section 504 fails to state a claim against defendants ................................ 9
            1. Individuals cannot be sued under the ADA and Section 504 .......... 9
            2. There is no ADA or Section 504 cause of action for a challenge to medical treatment ....................................................... 10
    V. Conclusion .................................................................................................. 11

DECLARATION OF CATHERINE GUESS IN SUPPORT OF MOTION TO DISMISS ........... 1

# **TABLE OF AUTHORITIES**

**Page**

**CASES**

*Alexander v. Tilton*
  2009 U.S. Dist. LEXIS 20179 (E.D. Cal. February 23, 2009).............................................. 10

*Alsbrook v. City of Maumelle*
  184 F.3d 999 (8th Cir. 1999) (en banc)..................................................................................... 9

*Baird v. Rose*
  192 F.3d 462 (4th Cir. 1999)..................................................................................................... 9

*Brandon v. Holt*
  469 U.S. 464 (1985).................................................................................................................. 6

*Buckley v. Barlow*
  997 F.2d 494 (8th Cir. 1993)..................................................................................................... 9

*Burger v. Bloomberg*
  418 F.3d 882 (8th Cir. 2005)................................................................................................... 10

*C.O. v Portland Pub. Sch.*
  406 F Supp 2d 1157 (D. Or 2005) .......................................................................................... 10

*Choyce v. Saylor, et al.*
  2007 WL 3035406 (N.D. Cal.)................................................................................................. 4

*Crawford v. Bell*
  599 F.2d 890 (9th Cir. 1979)................................................................................................ 4, 5

*Doe v Haw. Dep't of Educ.*
  351 F Supp 2d 998 (D. Haw. 2004) ....................................................................................... 10

*Eldeman v. Jordan*
  415 U.S. 651 (1971).................................................................................................................. 3

*Ex Parte Young*
  209 U.S. 123 (1908).................................................................................................................. 3

*Fayle v. Stapley*
  607 F.2d 858 (9th Cir. 1979)..................................................................................................... 7

*Fitzgerald v. Corr. Corp. of Am.*
  403 F.3d 1134 (10th Cir. 2005).............................................................................................. 10

i

# TABLE OF AUTHORITIES

*Frost v. Symington*
    197 F.3d 348 (9th Cir. 1999)..................................................................................................5

*Garcia v. S.U.N.Y. Health Scis. Ctr.*
    280 F.3d 98 (2d Cir. 2001)....................................................................................................9

*George v. Smith*
    507 F.3d 605 (7th Cir. 2007)................................................................................................7

*Gillespie v. Crawford*
    858 F.2d 1101 (5th Cir. 1988) (en banc)............................................................................4

*Grajeda v. Horel, et al.*
    2009 WL 302708 (N.D. Cal.)..............................................................................................4

*Green v. Mansour*
    474 U.S. 64 (1985)................................................................................................................3

*Grzan v. Charter Hosp. of Northwest Indiana*
    104 F.3d 116 (7th Cir. 1997)..............................................................................................10

*Hafer v. Melo*
    502 U.S. 21 (1991)................................................................................................................6

*Hansen v. Black*
    885 F.2d 642 (9th Cir. 1989)................................................................................................7

*Hiler v. Brown*
    177 F.3d 542 (6th Cir. 1999)................................................................................................9

*Jones v. Williams*
    270 F.3d 930 (9th Cir. 2002)................................................................................................7

*Kentucky v. Graham*
    473 U.S. 159 (1985)..............................................................................................................6

*Lollar v. Baker*
    196 F.3d 603 (5th Cir. 1999)................................................................................................9

*Lovell v. Chandler*
    303 F.3d 1039 (9th Cir. 2002)............................................................................................10

*Maldonado v. Harris*
    370 F.3d 945 (9th Cir. 2004)................................................................................................8

**TABLE OF AUTHORITIES**

**Page**

*McElroy v. Dep't of Corr.*
  2007 U.S. Dist. LEXIS 37279 (E.D. Cal. May 8, 2007) .......................................................... 11

*McNeil v. Guthrie*
  945 F.2d 1163 (10th Cir. 1991) .............................................................................................. 4, 5

*Meyer v. Schwarzenegger*
  2008 WL 2223253 (E.D. Cal.) ................................................................................................ 2, 4

*Miranda B. v. Kitzhaber*
  328 F.3d 1181 (9th Cir. 2003) ..................................................................................................... 9

*Monnell v. Dep't of Soc. Servs.*
  436 U.S. 658 (1978) .................................................................................................................... 7

*Mosher v. Saalfeld*
  589 F.2d 438 (9th Cir. 1978), cert. denied, 442 U.S. 941, 99 S. Ct. 2883, 61 L. Ed. 2d
  311 (1979) ................................................................................................................................... 7

*Ortega v. Kelly, et al.*
  2008 WL 3928236 (E.D. Cal.) ..................................................................................................... 4

*Papasan v. Allain*
  478 U.S. 265 (1985) ..................................................................................................................... 4

*Pennhurst State School & Hospital v. Halderman*
  465 U.S. 89 (1984) ....................................................................................................................... 3

*Plata v. Schwarzenegger*
  Case No. C-01-01351 (N.D. Cal., filed April 5, 2001) ...................................................... 2, 4, 5

*Quern v. Jordan*
  440 U.S. 332 (1979) ..................................................................................................................... 3

*Ramirez v. Galaza*
  334 F.3d 850 (9th Cir. 2003) ........................................................................................................ 9

*Reed v. McBride*
  178 F.3d 849 (7th Cir. 1999) ........................................................................................................ 7

*Rhodes v. Robinson*
  408 F.3d 559 (9th Cir. 2005) .................................................................................................... 8, 9

*Schiavo ex rel. Schindler v. Schiavo*
  403 F.3d 1289 ............................................................................................................................. 10

iii

# TABLE OF AUTHORITIES

**Page**

*Taylor v. List*
　880 F.2d 1040 (9th Cir. 1989) ......................................................................................... 7

*Thompson v. City of Los Angeles*
　885 F.2d 1439 (9th Cir. 1989) ......................................................................................... 6

*Vance v. Peters*
　97 F.3d 987 (7th Cir. 1996) ............................................................................................. 7

*Vinson v. Thomas*
　288 F.3d 1145 (9th Cir. 2002) ......................................................................................... 9

*Wallace v. Kato*
　127 S. Ct. 1091,1095 ....................................................................................................... 8

*Will v. Michigan Dep't of State Police*
　491 U.S. 58 (1989) ........................................................................................................... 6

**STATUTES**

42 U.S.C. § 1983 ............................................................................................................. passim

42 U.S.C., § 12131(1) ............................................................................................................ 9

California Code of Civil Procedure, § 335.1 ......................................................................... 8

California Code of Civil Procedure, § 352.1 ......................................................................... 8

**CONSTITUTIONAL PROVISIONS**

Eighth Amendment ................................................................................................................ 5

Eleventh Amendment ................................................................................................ 2, 3, 4, 11

First Amendment ........................................................................................................ 1, 2, 8, 11

**COURT RULES**

Federal Rules of Civil Procedure 12(b)(6) ....................................................................... 1, 2

TO PLAINTIFF AND HIS ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on July 30, 2009 or as soon thereafter as the matter may be heard in Courtroom 24 the above-entitled court, located at 501 I Street, Sacramento, CA, Defendants California Department of Corrections and Rehabilitation, Jason Rohrer, M.D., Alfredo Noriega, M.D., Richard Tan, M.D., Dennis K. Sisto and Alvaro C. Traquina, M.D. will move the court to dismiss the action pursuant to Federal Rules of Civil Procedure Rule 12(b)(6) because plaintiff's amended complaint fails to state a claim upon which relief can be granted, on the grounds that: the court lacks jurisdiction to grant relief and plaintiff fails to state a valid claim against defendants.

The motion will be based on this Notice of Motion and Motion, the Memorandum of Points and Authorities filed herewith, the Declarations of Catherine Guess and N. Grannis and the pleadings and papers filed herein.

Dated: June 30, 2009

Respectfully submitted,

EDMUND G. BROWN JR.
Attorney General of California
STEVEN M. GEVERCER
Supervising Deputy Attorney General

/s/ Catherine Woodbridge Guess

CATHERINE WOODBRIDGE GUESS
Deputy Attorney General
*Attorneys for Defendants*
*California Department of Corrections and Rehabilitation, Jason Rohrer, M.D., Alfredo Noriega, M.D., Richard Tan, M.D., Dennis K. Sisto and Alvaro C. Traquina, M.D.*

Motion to Dismiss First Amended Complaint and Supporting Documents (CIV-S-07-1871 LKK GGH P)

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS**

**I.   INTRODUCTION**

Plaintiff is an inmate incarcerated at California State Prison Solano (CSP-Solano). He was convicted of armed robbery and is serving a 26-year determinate sentence.

Plaintiff brings this lawsuit for alleged deliberate indifference to medical needs, alleged violation of the Americans with Disabilities Act and Section 504 of the Rehabilitation Act, and violation of the First Amendment for alleged retaliation. The named defendants are California Department of Corrections and Rehabilitation (CDCR), CSP- Solano, Dr. Tan, Dr. Rohrer, Dr. Traquina, Dr. Noriega, Dr. Naku and retired warden Dennis Sisto.

The first cause of action under 42 U.S.C. § 1983 is alleged deliberate indifference to medical needs against defendants Sisto, Traquina, Tan, Rohrer, Noriega, Naku, CDCR and CSP-Solano. The first cause of action allegedly arises out of events dating back to 2002 and continuing to present.

The second cause of action for alleged violation of the First Amendment is asserted against defendant doctors Traquina and Tan.

The third cause of action is for alleged violation of the Americans with Disabilities Act (ADA) and Section 504 of the Rehabilitation Act (RA) against defendants Sisto, Traquina, Tan, Rohrer, Noriega, Naku, CDCR and CSP-Solano.

**II.   FACTUAL ALLEGATIONS**

Plaintiff alleges he suffered a back injury sometime in the 1990's. He was transferred from California State Prison – Sacramento to CSP-Solano in 2001. After being transferred to CSP-Solano, plaintiff alleges defendants were deliberately indifferent to his medical needs by failing to provide adequate medical care. Plaintiff's first amended complaint chronicles the extensive and exhaustive medical care he received at CSP-Solano.

Between July 2002 and August 2006, the first amended complaint lists over 50 occasions on which plaintiff was seen and treated for his back complaints, including MRI studies, doctor's visits, x-rays, orthopedic consultations and epidural injections. (First Amended Complaint pp. 5-

1

13, ¶¶ 25-73).  Between December 2006 and August 2007, plaintiff was seen an additional five times for back complaints, including yet another MRI study of the low back.  (First Amended Complaint pp. 13-14, ¶¶ 74-80).

Plaintiff's original complaint was filed September 11, 2007.  The first amended complaint alleges that since filing the original complaint, plaintiff has received continued medical care, including a specialty consultation with an orthopedic surgeon, pain medication, physical therapy and epidural injections.  Nevertheless, plaintiff contends that defendants' continued care for his back complaints rises to the level of deliberate indifference.

At no time has any doctor, including the orthopedic surgeons who saw plaintiff, recommended surgery for plaintiff's back condition.  According to the amended complaint, the last orthopedic surgeon to see plaintiff, Dr. Huffman, recommended physical therapy, pain medication and epidural injections.  Plaintiff received these treatment recommendations.  (First Amended Complaint pp. 16- 17, ¶¶ 90, 93, 94, 97.)

### III.   LEGAL STANDARD

Federal Rules of Civil Procedure 12(b)(6) provides that a party may move to dismiss a claim for relief in any pleading for failure to state a claim upon which relief can be granted.

### IV.   ARGUMENT IN SUPPORT OF MOTION TO DISMISS

The amended complaint fails to state a valid claim against defendants.  The first cause of action for deliberate indifference to medical needs fails against defendants CDCR, CSP-Solano, Dr. Traquina and retired warden Sisto because of Eleventh Amendment immunity.  Additionally, the court lacks jurisdiction for any claim of injunctive relief based on the pending class action matter known as *Plata v. Schwarzenegger*, Case No. C-01-01351, (N.D. Cal., filed April 5, 2001). See *Meyer v. Schwarzenegger* 2008 WL 2223253 (E.D. Cal.) *12-13.

The second cause for alleged violation of the First Amendment against defendant Drs. Traquina and Tan fails to state a claim.  The third cause of action for alleged violation of the ADA and Section 504 of the RA also fails to state a claim against defendants.

**A. The first cause of action for alleged deliberate indifference to medical needs fails to state a claim against defendants.**

    **1. The Eleventh Amendment bars plaintiff's claims against CDCR, CSP-Solano, Chief Medical Officer Dr. Traquina and retired warden Sisto.**

The court lacks jurisdiction over the claims against CDCR and CSP-Solano. Likewise, the court lacks jurisdiction over Dr. Traquina and retired warden Sisto in their official capacity. The Eleventh Amendment precludes states and state officials from being sued in federal court for money damages. *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 98 (1984). In this case, plaintiff seeks money damages for alleged violation of § 1983 arising out of deliberate indifference to medical needs. Accordingly, the first amended complaint against defendants CDCR, CSP-Solano, Dr. Traquina and Mr. Sisto is barred.

Plaintiff's request for injunctive relief against these defendants fails for three reasons:

    **a. *Ex Parte Young* does not apply.**

First, in *Ex Parte Young,* 209 U.S. 123 (1908), the U.S. Supreme Court created an exception to Eleventh Amendment immunity by holding that a suit challenging the constitutionality of a state official's action in enforcing a law is not one against the state and therefore immunity does not attach. *Id.* at 159-160. The Court went on to hold that the Eleventh Amendment does not bar federal courts from granting prospective injunctive relief to prevent a continuing violation of federal law. *Id.* at 155-156, 159. However, the Supreme Court has refused to extend *Ex Parte Young* to claims of retrospective relief. *Pennhurst,* 465 U.S. at 102-103; *Quern v. Jordan,* 440 U.S. 332, 337 (1979); *Eldeman v. Jordan*, 415 U.S. 651, 668-669 (1971) (overruled on other grounds); *Green v. Mansour,* 474 U.S. 64, 73 (1985). As a result, where the remedy sought is an injunction or award of money damages for <u>past violations of federal law</u>, as is the case here, the Eleventh Amendment bars federal court jurisdiction. See *Eldeman,* 415 U.S. at 666-669; *Green,* 474 U.S. at 73.

    **b. The court lacks jurisdiction to grant retroactive relief.**

Second, even if plaintiff properly sought prospective relief, the CDCR and CSP-Solano are not proper parties. Plaintiff would be required to proceed against the appropriate state actor in his

3

1  official capacity. Here, however, plaintiff's allegations against Traquina, as Chief Medical

2  Officer, and retired warden Sisto do not overcome Eleventh Amendment immunity because

3  plaintiff complains of past alleged violations and not a continuing violation against him. A state

4  official's alleged constitutional violation(s) must be ongoing and continuous, not just a one-time

5  violation or recurring past violations. *Papasan v. Allain,* 478 U.S. 265, 277-278 (1985). As a

6  result, the court lacks jurisdiction and the first amended complaint should be dismissed against

7  CDCR, CSP-Solano and Dr. Traquina and retired warden Sisto in their official capacity.

        **c.**      **Plaintiff's injunctive relief claim falls within the scope of a pending class action involving prison medical care, and, therefore, this court is without jurisdiction to hear plaintiff's claim.**

11  Third, the court lacks jurisdiction to hear plaintiff's claim for injunctive relief arising out of

12  prison medical care. A plaintiff who is a member of a class action for equitable relief from prison

13  conditions may not maintain a separate individual suit for equitable relief involving the same

14  subject matter of the class action. See *Crawford v. Bell*, 599 F.2d 890, 892-93 (9th Cir. 1979) ;

15  see also *McNeil v. Guthrie*, 945 F.2d 1163, 1165 (10th Cir. 1991) (noting "[i]individual suits for

16  injunctive and equitable relief from alleged unconstitutional prison conditions cannot be brought

17  where there is an existing class action"); *Gillespie v. Crawford*, 858 F.2d 1101, 1103 (5th Cir.

18  1988) (en banc) (noting that "[t]o allow individual suits would interfere with the orderly

19  administration of the class action and risk inconsistent adjudications"); *see also*, *Choyce v.

20  Saylor, et al*., 2007 WL 3035406 (N.D. Cal.) (dismissing claim for injunctive relief to address

21  alleged inadequate medical care based on *Plata* class action lawsuit); *Grajeda v. Horel, et al*.,

22  2009 WL 302708 (N.D. Cal.) (dismissing injunctive relief claim for medical care to treat severe

23  and continuing back and hip pain due to *Plata* class action); and *Meyer v. Schwarzenegger, et al*.,

24  2008 WL 2223253 (E.D. Cal.) (dismissing injunctive relief claim for orthopedic consultation and

25  medical care to treat chronic back pain due to pending *Plata*  class action); and *Ortega v. Kelly, et

26  al*., 2008 WL 3928236 (E.D. Cal.) (dismissing claim for equitable relief claim to address

27  inadequate mental health care based on Coleman class action).

28  / / /

1   A class action is presently pending in the United States District Court for the Northern District of California which involves the same subject matter presented by plaintiff's equitable claims in this action. *Plata v. Schwarzenegger*, Case No. C-01-01351, (N.D. Cal., filed April 5, 2001). The class in *Plata* is comprised of inmates incarcerated in California prisons alleging that prison officials are depriving them of constitutionally required health care. See *Plata* Stipulation for Injunctive Relief (*Plata* Stipulation) attached as Exhibit A to accompanying Request to Take Judicial Notice. The class members in *Plata* allege that they are not receiving adequate medical care in violation of the Eighth Amendment. The *Plata* class consists of all inmates in the custody of the California Department of Corrections and Rehabilitation with serious medical needs. *Plata* Stipulation, ¶ 8.

Under the *Plata* Stipulation, the CDCR is to implement health care policies and procedures that "meet or exceed the minimum level of care necessary to fulfill the defendants' obligation to plaintiffs under the Eighth Amendment…." *Plata* Stipulation, ¶ 4. Any disputes as to the adequacy of the health care policies and procedures are to be resolved by the dispute resolution procedures set forth in the stipulation. *Id.*, at ¶¶ 4, 7, 30. The agreement also provides that the Court may grant injunctive relief to resolve any disputes regarding the adequacy of health care as a means to enforce the terms of the stipulation. *Id.* at ¶¶ 28-30.

In this case, plaintiff is a CDCR inmate incarcerated at CSP-Solano, and he is seeking injunctive relief with respect to his alleged inadequate medical care. Plaintiff's claim falls squarely within the ambit of the *Plata* class action. Plaintiff, therefore, must bring his "claims for equitable relief ... through the class representative until the class action is over or the consent decree is modified." *McNeil v. Guthrie*, 945 F.2d at 1166; see also *Crawford v. Bell*, 599 F.2d at 892-93; *Frost v. Symington*, 197 F.3d 348, 359 (9th Cir. 1999). Plaintiff's action is improper and must be dismissed.

Moreover, plaintiff agrees that *Plata* is applicable to his claims as the first amended complaint devotes several pages to the *Plata* case. In addition, plaintiff attaches to his first amended complaint a copy of the *Plata* case.

/ / /

5

**2.    Plaintiff fails to state a viable claim under § 1983.**

      **a.    CDCR and CSP-Solano are not "persons" within the meaning of § 1983.**

Plaintiff's first cause of action under § 1983 fails against CDCR and CSP-Solano fails. CDCR and CSP-Solano are not "persons" under 1983. 42 U.S.C. § 1983 (2000) reads in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage ... subjects ... any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in any action at law...

"States or governmental entities that are considered 'arms of the state' ... are not persons within the meaning of 1983." *Thompson v. City of Los Angeles*, 885 F.2d 1439, 1443 (9th Cir. 1989) quoting *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 70 (1989). Because CDCR and CSP-Solano are arms of the State of California, they not a "person" within the meaning of § 1983 and therefore the first cause of action fails to state a valid claim against CDCR and CSP-Solano.

      **b.    Dr. Traquina and retired warden Sisto in their official capacity are not "persons" under § 1983.**

Dr. Traquina and retired warden Sisto in their official capacity are not "persons" within the meaning of 1983. State officials acting in their official capacities are not "persons" within the meaning of the 1983. *Hafer v. Melo* 502 U.S. 21, 25, (1991). Moreover, a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. *Brandon v. Holt*, 469 U.S. 464, 471 (1985). As such, it is no different from a suit against the State itself. See, *Kentucky v. Graham*, 473 U.S. 159, 165-166 (1985); *Will v. Michigan Dep't of State Police, supra*, 491 U.S.at 71. Accordingly, the first cause of action fails to state a claim against Dr. Traquina and retired warden Sisto.

      **c.    Respondeat superior liability does not exist for 1983 claims.**

In order for a supervisor or other person acting under color of state law to be liable under 42 U.S.C., § 1983 there must be a showing of personal participation in the alleged rights

6

deprivation. *Jones v. Williams*, 270 F.3d 930 (9th Cir. 2002). There is no respondeat superior liability under § 1983. *Monnell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978).

When a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See *Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1979); *Mosher v. Saalfeld*, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941, 99 S. Ct. 2883, 61 L. Ed. 2d 311 (1979). To state a claim for relief under section 1983 based on a theory of supervisory liability, plaintiff must allege some facts that would support a claim that supervisory defendants either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).

The argument that anyone who knows about an alleged violation of the Constitution, and fails to cure it, has violated the Constitution himself is not correct. "Only persons who cause or participate in the violations are responsible. Ruling against a prisoner on an administrative complaint does not cause or contribute to the violation. A guard who stands and watches while another guard beats a prisoner violates the Constitution; a guard who rejects an administrative complaint about a completed act of misconduct does not." *George v. Smith*, 507 F.3d 605, 609-10 (7th Cir. 2007) citing *Greeno v. Daley*, 414 F.3d 645, 656-57 (7th Cir. 2005); *Reed v. McBride*, 178 F.3d 849, 851-52 (7th Cir. 1999); *Vance v. Peters*, 97 F.3d 987, 992-93 (7th Cir. 1996).

Plaintiff fails to identify any facts supporting a 1983 cause of action against retired warden Sisto. The first amended complaint is devoid of any factual allegations regarding Mr. Sisto's knowledge or involvement in plaintiff's medical care. As a result, plaintiff fails to state a 1983 claim against Mr. Sisto.

Plaintiff alleges liability against Dr. Traqina based on his failure to train, supervise, and discipline. (First Amended Complaint p. 3, ¶8; p. 9, ¶ 53.) Since this is liability based on respondeat superior, plaintiff fails to state a cognizable section 1983 claim against Dr. Traquina. *Monnell v. Dep't of Soc. Servs.*, 436 U.S. 658.

### 3. Plaintiff's allegations regarding actions between 2002-September 11, 2003 are time-barred.

The applicable statute of limitations for a 1983 action is the forum state's statute of limitations for personal injury actions. *Maldonado v. Harris,* 370 F.3d 945, 954 (9th Cir. 2004). In California, a two year statute of limitations became effective as of January 1, 2003. *Id.* at 954-955; Cal. Code Civ. Proc., §335.1.

A 1983 cause of action accrues, and the statute of limitations begins to run, at the time that "the plaintiff knows or has reason to know of the injury which is the basis of the action." *Maldonado*, at 954, citing *Knox v. Davis,* 260 F.3d 1009, 1013 (9th Cir. 2001) .

> The cause of action accrues even though the full extent of the injury is not then known or predictable. [citation]  Were it otherwise, the statute would begin to run only after a plaintiff became satisfied that he had been harmed enough, placing the supposed statute of repose in the sole hands of the party seeking relief.

*Wallace v. Kato* 127 S. Ct. 1091,1095 1096-1097 (2007).  Under California law, the statute is tolled for a period of two years on civil rights claims when a person is imprisoned for a term less than life.  Cal. Code Civ. Proc., § 352.1.  As a result, any actions giving rise to plaintiff's claims must have occurred no earlier than September 11, 2003.  Consequently, plaintiff's allegations against defendants between 2002-September 11, 2003 are time barred and should be dismissed.

### B. The second cause of action for violation of the First Amendment fails to state a claim.

"Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005).

Here, plaintiff's allegations against Drs. Tan and Traquina are not sufficiently alleged. Plaintiff alleges that one of his inmate appeals was processed by Traquina, albeit not to his satisfaction. (First Amended Complaint p. 15, ¶ 83.)  Plaintiff's allegations that concern solely actions reviewing plaintiff's grievances do not state a cognizable due process claim.   "[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the

8

inmates." *Buckley v. Barlow,* 997 F.2d 494, 495 (8th Cir. 1993) (citing *Azeez v. De* Roberts, 568 F.Supp. 8, 10 (N.D. Ill. 1982)); see also *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (no liberty interest in processing of appeals because no entitlement to a specific grievance procedure). Actions in reviewing prisoner's administrative appeal cannot serve as the basis for liability under section 1983 action. *Buckley,* 997 F.2d at 495. As a result, plaintiff fails to state a claim.

Likewise, plaintiff fails to allege any facts which support a claim of retaliation by Dr. Tan. Plaintiff admits that Dr. Tan saw plaintiff on October 4, 2007, and noted that plaintiff was waiting for a neurosurgery consult. (First Amended Complaint p. 15, ¶ 83.) Plaintiff alleges he filed an inmate grievance based on Dr. Tan's alleged lack of professionalism. (First Amended Complaint p. 15, ¶ 83.) Plaintiff provides no further factual allegations regarding how, if at all, Dr. Tan interfered with plaintiff's medical treatment afterward. Instead, plaintiff identifies seven occasions on which plaintiff received medical care, including medication renewals, an orthopedic surgery consultation and the physical therapy treatments recommended by the orthopedic surgeon. (First Amended Complaint pp. 15-17.) There are no allegations that Dr. Tan took some adverse action against plaintiff because of plaintiff's protected conduct. See *Rhodes v. Robinson, supra*, 408 F.3d at 567-68. Accordingly, the second cause of action fails to state a claim.

    **C.    Plaintiff's third cause of action for violation of the ADA and Section 504 fails to state a claim against defendants.**

            **1.    Individuals cannot be sued under the ADA and Section 504.**

In suits brought under Title II of the ADA or Section 504 of the Rehabilitation Act (RA), individuals may not be sued in their individual capacities. See 42 U.S.C. § 12131(1); *Miranda B. v. Kitzhaber*, 328 F.3d 1181, 1188 n.7 (9th Cir. 2003); *Vinson v. Thomas*, 288 F.3d 1145, 1156 (9th Cir. 2002); *Lollar v. Baker*, 196 F.3d 603, 609 & n.6 (5th Cir. 1999); *Alsbrook v. City of Maumelle*, 184 F.3d 999, 1005 n.8 (8th Cir. 1999) (en banc). As a result, plaintiff's claim is barred against Drs. Tan, Traquina, Rohrer, Noriega and retired warden Sisto.

Several circuit courts have likewise barred suits against public officials for violation of the ADA and Section 504. E.g., *Garcia v. S.U.N.Y. Health Scis. Ctr.*, 280 F.3d 98, 107 (2d Cir. 2001); *Hiler v. Brown*, 177 F.3d 542, 545-46 (6th Cir. 1999), cited in *Baird v. Rose*, 192 F.3d 462,

9

1    472 (4th Cir. 1999). While the Ninth Circuit has not addressed the issue of public official liability,
2    at least two district courts within the Ninth Circuit have denied any such liability. See *C.O. v*
3    *Portland Pub. Sch.* 406 F Supp 2d 1157 (D. Or 2005); *Doe v Haw. Dep't of Educ.,* 351 F Supp 2d
4    998 (D. Haw. 2004).

### 2. There is no ADA or Section 504 cause of action for a challenge to medical treatment.

"To establish a violation of Title II of the ADA, a plaintiff must show that (1) [he] is a qualified individual with a disability; (2) [he] was excluded from participation in or otherwise discriminated against with regard to a public entity's services, programs, or activities; and (3) such exclusion or discrimination was by reason of [his] disability." *Lovell v. Chandler*, 303 F.3d 1039, 1052 (9th Cir. 2002).

"To establish a violation of § 504 of the Rehabilitations Act (RA), a plaintiff must show that (1) [he] is handicapped within the meaning of the RA; (2) [he] is otherwise qualified for the benefit or services sought; (3) [he] was denied the benefit or services solely by reason of [his] handicap; and (4) the program providing the benefit or services receives federal financial assistance." *Id.*

Plaintiff alleges that the defendants prevented him from receiving adequate, timely, and competent medical provision and treatment. (First Amended Complaint pp. 5-17.) As a result, plaintiff's third cause of action is based on failure to receive medical treatment because of his disability, not plaintiff's exemption from activities. Though the Ninth Circuit has not addressed this issue specifically, other courts have found that the ADA and Section 504 do not create a federal cause of action for prisoners challenging the medical treatment provided for their underlying disabilities. See, e.g., *Burger v. Bloomberg*, 418 F.3d 882, 882 (8th Cir. 2005) (medical treatment decisions not a basis for RA or ADA claims); *Schiavo ex rel. Schindler v. Schiavo*, 403 F.3d 1289, 1294 (11th Cir. 2005 (RA not intended to apply to medical treatment decisions); *Fitzgerald v. Corr. Corp. of Am.*, 403 F.3d 1134, 1144 (10th Cir. 2005) (medical decisions not ordinarily within scope of ADA or RA); *Grzan v. Charter Hosp. of Northwest Indiana*, 104 F.3d 116, 121-22 (7th Cir. 1997); see also *Alexander v. Tilton*, 2009 U.S. Dist.

1 LEXIS 20179 (E.D. Cal. February 23, 2009); *McElroy v. Dep't of Corr.*, 2007 U.S. Dist. LEXIS 37279 (E.D. Cal. May 8, 2007).

The Declaration of N. Grannis, Chief of the Inmate Appeals Branch, attached hereto is instructive. All of plaintiff's ADA claims are premised on his alleged failure to receive adequate medical care. At no time has he alleged a denial of programs or activities as a rsult of his disability. Plaintiff's third cause of action for alleged violation of the ADA and RA fails to state a valid claim. See *Id.*

**V.    CONCLUSION**

The first amended complaint fails to state a claim against defendants. Plaintiff's first cause of action is barred against defendants CDCR, CSP-Solano, Dr. Traquina and Dennis Sisto because of Eleventh Amendment immunity and 42 U.S.C. § 1983. Additionally, plaintiff's firtst cause of action is barred by the statute of limitations.

Plaintiff's second cause of action for an alleged First Amendment violation fails to state a claim. Plaintiff's third cause of action for allegation violation of the ADA and Section 504 of the RA is barred because the claims are barred because plaintiff cannot sue individuals under these statutes and the claims cannot be based on a challenge to medical treatment.

Based on the foregoing, defendants respectfully request that the court dismiss the first amended complaint.

Dated: June 30, 2009

Respectfully submitted,

EDMUND G. BROWN JR.
Attorney General of California
STEVEN M. GEVERCER
Supervising Deputy Attorney General

/s/ Catherine Woodbridge Guess

CATHERINE WOODBRIDGE GUESS
Deputy Attorney General
*Attorneys for Defendants*
*California Department of Corrections and Rehabilitation, Jason Rohrer, M.D., Alfredo Noriega, M.D., Richard Tan, M.D., Dennis K. Sisto and Alvaro C. Traquina, M.D.*

11

**DECLARATION OF CATHERINE GUESS IN SUPPORT OF MOTION TO DISMISS**

I, Catherine Guess, declare:

1. I am an attorney licensed to practice before this court.

2. I am a Deputy Attorney General for the California Department of Justice, attorneys for defendants herein.

3. Attached hereto as Exhibit A is the Declaration of N. Grannis.

I declare under penalty of perjury that the foregoing is true and correct. Dated this 30th day of June, 2009, at Sacramento, California.

                                                /s/ Catherine W. Guess
                                                CATHERINE W. GUESS

SA2008300684
30798104.doc