IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

NYLES LAWAYNE WATSON,

         Plaintiff,                                No. CIV S-07-1871 LKK GGH P

   vs.

D.K. SISTO, et al.,

         Defendants.                   <u>ORDER</u>

_____/

          Plaintiff, a state prisoner proceeding with appointed counsel, seeks relief pursuant to 42 U.S.C. § 1983. Defendants have very recently noticed two motions to dismiss for hearing on August 6, 2007.[1] On July 7, 2009, defendants Sisto, Rohrer, Noriega, Tan, and Traquina filed a motion for leave to depose plaintiff at California State Prison-Solano on August 7, 2009 at 10:00 a.m., also noticing that motion for hearing on August 6, 2007. Defendants append a copy of the notice of the deposition. Exhibit A to Motion. Defendants also state that although plaintiff's counsel has informed them that he is available for a deposition on that date that he will not produce his client for deposition without a court order. No further order, however, is necessary because the court previously, prior to plaintiff's counsel's appointment, issued a

---

[1] Defendant Naku brings a separate dismissal motion from that of defendants Sisto, Rohrer, Noriega, Tan, and Traquina.

1

Discovery Order, on April 10, 2008 (docket # 14), which permits defendants to depose plaintiff, pursuant to Fed. R. Civ. P. 30(a), or any other incarcerated witness, so long as defendants serve all parties with the requisite notice, under Fed. R. Civ. 30(b)(1), which the court has stated as at least fourteen days before the deposition.   The undersigned, therefore, will vacate defendants' motion; the parties are to abide by the deposition notice procedure as set forth in the Discovery Order.  So long as defendants serve, or have served, the notice of deposition in accordance with the Discovery Order, there should be no impediment to proceeding with plaintiff's deposition.

Accordingly, IT IS ORDERED that:

1.   Defendants' July 7, 2009 (docket # 72) motion for leave to take plaintiff's deposition is vacated from the court's calendar as unnecessary; and

2.   So long as plaintiff's deposition is noticed in accordance with the court's previously filed Discovery Order (docket # 14), it should proceed with no further order from this court.

DATED: July 13, 2009

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:009
wats1871.ord

2