KAMALA D. HARRIS, State Bar No. 146672
Attorney General of California
ALBERTO L. GONZÁLEZ, STATE BAR NO. 117605
Supervising Deputy Attorney General
CATHERINE WOODBRIDGE GUESS, State Bar No. 186186
Deputy Attorney General
 1300 I Street, Suite 125
 P.O. Box 944255
 Sacramento, CA 94244-2550
 Telephone: (916) 445-8216
 Fax: (916) 322-8288
 E-mail: Catherine.Woodbridge@doj.ca.gov
*Attorneys for Defendants Dr. Rohrer, Dr. Tan, Dr. Traquina and Mr. Sisto*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| **NYLES LAWAYNE WATSON,**<br><br>                                    Plaintiff,<br><br>v.<br><br>**D. K. SISTO, et al.,**<br><br>                                    Defendants. | CIV-S-07-1871 LKK KJN<br><br>**DEFENDANTS' SEPARATE STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**<br><br>[Fed. R. Civ. P. 56; Local Rule 260(a)]<br><br>Date:         September 29, 2011<br>Time:         10:00 a.m.<br>Courtroom: 25<br>Judge         Hon. Kendall J. Newman<br>Trial Date:  None<br>Action Filed: September 10, 2007 |

Defendants hereby submit the following separate statement of undisputed facts in support of their motion for summary judgment:

| **UNDISPUTED FACTS** | **SUPPORTING EVIDENCE** |
|---|---|
| 1. Dr. Jason Rohrer, Dr. Richard Tan and Dr. Alvaro Traquina are medical doctors licensed by the State of California and in good standing with the California Medical Board. | 1. Deposition of Dr. Jason Rohrer, M.D. taken 7/31/09 at p. 25:1-20, Exhibit A; Deposition of Dr. Richard Tan, M.D. taken 7/31/09 at pp. 30:9-12; 16-22, Exhibit B; Deposition of Dr. Traquina, M.D. taken 8/7/09 at pp. 43:19-25; 44:9-13, Exhibit C. |

| | |
|---|---|
| 2. At all times relevant to this action, Drs. Rohrer, Tan and Traquina were employed as medical doctors at CSP-Solano. | 2. Deposition of Dr. Rohrer taken 7/31/09 at p. 29:18-25, Exhibit A; Deposition of Dr. Tan taken 7/31/09 at p. 26:20-25, Exhibit B; Deposition of Dr. Traquina taken 8/7/09 at p. 47:22-25. Exhibit C; Declaration of Dr. Alvaro Traquina, M.D. dated 10/16/08 at ¶3, attached hereto as Exhibit H. |
| 3. Dr. Tan is Board Certified in Internal Medicine. | 3. Deposition of Dr. Tan taken 7/31/09 at pp. 21:20-22:1. Exhibit B. |
| 4. Dr. Traquina is Board Certified in General Surgery. | 4. Deposition of Dr. Traquina taken 8/7/09 at p. 44:14-15, Exhibit C. |
| 5. Dennis Sisto was Warden at CSP-Solano from January 2007 to January 2008. | 5. Declaration of Dennis Sisto dated 7/18/11 ¶3, attached hereto as Exhibit D. |
| 6. Mr. Sisto retired from CDCR and CSP-Solano in 2008. | 6. Declaration of Dennis Sisto dated 7/18/11 at ¶4, attached hereto as Exhibit D. |
| 7. Gary Swarthout became Warden at CSP-Solano in January 2008. | 7. Declaration of Gary Swarthout dated 7/29/11 at ¶3, attached hereto as E. |
| 8. On April 13, 2011, Plaintiff was transferred from CSP-Solano to a different prison. | 8. Declaration of Tonia Lewis dated 7/20/11 at ¶3, attached hereto as Exhibit F. |
| 9. He has not returned to CSP-Solano since that date. | 9. Declaration of Tonia Lewis dated 7/20/11 at ¶3, attached hereto as Exhibit F. |
| 10. Plaintiff is currently incarcerated at California Substance Abuse and Treatment Facility (CSATF) in Corcoran, California. | 10. Declaration of Tonia Lewis dated 7/20/11 at ¶4, attached hereto as Exhibit F. |
| 11. Plaintiff has degenerative disc disease. | 11. Deposition of Dr. Jason Huffman, M.D. taken 7/27/11 at pp. 62:7-14; 64:11-20; 68:9-14, Exhibit G, Deposition of Dr. Rohrer taken 7/31/09 at pp. 72:21-73:7; Declaration of Dr. Alvaro Traquina, M.D. dated 10/16/08 at ¶4, attached as Exhibit H. |
| 12. Degenerative disc disease is an arthritic process in the spine by which the vertebral disc body joint wears down with time or other potential insults. | 12. Deposition of Dr. Huffman taken 7/27/11 at p. 36:12-22, Exhibit G |

| # | Fact | Source |
|---|---|---|
| 13. | As people age, spinal discs break down, or degenerate, which may result in degenerative disc disease in some people. | 13. Declaration of Dr. Jason Huffman, M.D. dated 11/1/09 at ¶7, attached hereto as Exhibit I. |
| 14. | These age-related changes include the loss of fluid in the discs. | 14. Declaration of Dr. Huffman dated 11/1/09 at ¶7, attached hereto as Exhibit I. |
| 15. | This reduces the ability of the discs to act as shock absorbers and makes them less flexible. | 15. Declaration of Dr. Huffman dated 11/1/09 at ¶7, attached hereto as Exhibit I. |
| 16. | Loss of fluid also makes the disc thinner and narrows the distance between the vertebrae. | 16. Declaration of Dr. Huffman dated 11/1/09 at ¶7, attached hereto as Exhibit I. |
| 17. | Another age-related change is tiny tears or cracks in the outer layer (annulus or capsule) of the disc. | 17. Declaration of Dr. Huffman dated 11/1/09 at ¶7, attached hereto as Exhibit I. |
| 18. | The jellylike material inside the disc (nucleus) may be forced out through the tears or cracks in the capsule, which causes the disc to bulge, break open (rupture), or break into fragments. | 18. Declaration of Dr. Huffman dated 11/1/09 at ¶7, attached hereto as Exhibit I. |
| 19. | Degeneration is common in adults. | 19. Deposition of Dr. Huffman taken 7/27/11 at p. 63:11-17, Exhibit G. |
| 20. | Degenerative changes are more likely to occur in people who smoke cigarettes, do heavy physical work or are obese. | 20. Declaration of Dr. Huffman dated 11/1/09 at ¶7, attached hereto as Exhibit I. |
| 21. | Degeneration cannot be stopped or reversed. | 21. Deposition of Dr. Huffman taken 7/27/11 at pp. 36:23-37:4, Exhibit G. |
| 22. | Medical treatment for degenerative disc disease attempts to alleviate symptoms. | 22. Deposition of Dr. Huffman taken 7/27/11 at p. 37:11-18, Exhibit G. |
| 23. | Treatment includes physical therapy, epidural injections, TENS (Trans Electrical Stimulation) unit, pain medication and referral to back specialists. | 23. Deposition of Dr. Huffman taken 7/27/11 at pp. 37:11-18; 38:3, Exhibit G; Deposition of Dr. Rohrer taken 7/31/09 at pp. 54:15-55:17; 61:2-7; 76:4-15, Exhibit A; Declaration of Dr. Huffman dated 11/1/09 at ¶8, attached hereto as Exhibit I. |
| 24. | Physical therapy will not stop the degenerative process. | 24. Deposition of Dr. Huffman taken 7/27/11 at p. 37:2-4, Exhibit G; Declaration of Dr. |

Defendants' Separate Statement of Undisputed Facts  (CIV-S-07-1871 LKK KJN)

| | | |
|---|---|---|
| | | Huffman dated 11/1/09 at ¶9, attached hereto as Exhibit I. |
| | 25. Physical therapy may provide symptomatic relief, however, this is not guaranteed. | 25. Declaration of Dr. Huffman dated 11/1/09 at ¶9, attached hereto as Exhibit I. |
| | 26. Surgical results for degenerative disc disease are inconsistent. | 26. Deposition of Dr. Huffman taken 7/27/11 at pp. 37:23-38:3, Exhibit G. |
| | 27. According to spine surgeon, Dr. Huffman, for degenerative disc disease, the risks of surgery outweigh the benefits. | 27. Deposition of Dr. Huffman taken 7/27/11 at p. 74:13-15, Exhibit G. |
| | 28. In addition to Defendant Drs. Rohrer, Tan and Traquina, Plaintiff also received medical care from CSP-Solano physicians Drs. Chen, Obedoza, Win, Hsieh, Rallos, Naku and Soloman. | 28. Declaration of Dr. Rohrer dated 8/15/11 at ¶5, attached hereto as Exhibit J; Declaration of Dr. Traquina dated 10/16/08 at ¶4, attached hereto as Exhibit H. |
| | 29. Plaintiff's treatment for his back pain while at CSP-Solano included physical therapy, epidural injections, TENS (Trans Electrical Stimulation) unit, pain medication and referral to five different back specialists. | 29. Declaration of Dr. Huffman dated 11/1/09 at ¶8, attached hereto as Exhibit I; Deposition of Dr. Shefrin, M.D. taken 7/13/11 at pp. 43:6-11; 47:22-25; 54:20-21; 67:14-18, Exhibit K; Declaration of Dr. Rohrer dated 8/15/11 at ¶¶4, 6-21, attached hereto as Exhibit J. |
| | 30. Initially, Plaintiff was given anti inflammatories and muscle relaxants to address his pain complaints. | 30. Deposition of Dr. Shefrin taken 7/13/11 at p. 36:23-25, Exhibit K; Deposition of Dr. Traquina taken 8/7/09 at pp. 115:14-15; 125:1-15, Exhibit C. |
| | 31. Plaintiff was first prescribed Methadone by Dr. Kofed, an orthopedist. | 31. Deposition of Dr. Shefrin taken 7/13/11 at p. 37:1-5, Exhibit K. |
| | 32. Methadone is an oral long-acting narcotic drug used for pain management. | 32. Deposition of Dr. Huffman taken 7/27/11 at p. 70:7-8, Exhibit G; Deposition of Dr. Shefrin taken 7/13/11 at p. 84:11-18, Exhibit K. |
| | 33. Methadone can be used indefinitely for pain management. | 33. Deposition of Dr. Shefrin taken 7/13/11 at p. 84:11-18, Exhibit K. |
| | 34. Plaintiff had lumbar MRIs taken in 2003, 2004, 2005, 2007 and 2009. | 34. Deposition of Dr. Huffman taken 7/27/11 at p. 62:2-4, Exhibit G; Declaration of Dr. Huffman dated 11/1/09 at ¶6, attached hereto as Exhibit I; Declaration of Dr. Rohrer dated |

| | |
|---|---|
| | 8/15/11 at ¶¶7, 9, 14, 16, 20, attached hereto as Exhibit J. |
| 35. Plaintiff received physical therapy in 2004, 2006 and 2008. | 35. Deposition of Dr. Shefrin taken 7/13/11 at pp. 43:6-11; 47:22-25, Exhibit K; Declaration of Dr. Rohrer dated 8/15/11 at ¶¶10, 15, 18, attached hereto as Exhibit J. |
| 36. Plaintiff underwent epidural injections in 2005. | 36. Deposition of Dr. Shefrin taken 7/13/11 at p. 54:11-13, 20-21, Exhibit K; Deposition of Dr. Traquina taken 8/7/09 at p. 224:19-21, Exhibit C; Declaration of Dr. Rohrer dated 8/15/11 at ¶12, Exhibit J. |
| 37. Plaintiff was given a TENS unit for his back complaints. | 37. Deposition of Dr. Shefrin taken 7/13/11 at p. 67:14-18, Exhibit K. |
| 38. Plaintiff was seen by back specialists in 2002, 2003, 2004, 2005, 2008, 2009 and 2010. | 38. Declaration of Dr. Rohrer dated 8/15/11 at ¶¶ 5, 6, 11, 13, 17, 21, 22, Exhibit J. |
| 39. At no time was Plaintiff denied medical treatment by any Defendants. | 39. Deposition of Dr. Shefrin taken 7/13/11 at p. 55:14-23, Exhibit K; Deposition of Dr. Rohrer taken 7/31/09 at p. 74:12-14, Exhibit A; Deposition of Dr. Tan taken 7/31/09 at p. 57:15-18, Exhibit B; Deposition of Dr. Traquina taken 8/7/09 at p. 110:15-17, Exhibit C; Declaration of Dennis Sisto dated 7/18/11 at ¶6, Exhibit D; Declaration of Gary Swarthout dated 7/29/11 at ¶5, Exhibit E. |
| 40. Plaintiff was seen by Dr. Traquina in October 2002 and January 2003 for back pain. | 40. Deposition of Dr. Traquina taken 8/7/09 at pp. 108:12-22; 109:6-9, Exhibit C. |
| 41. Dr. Traquina has been Chief Medical Officer (CMO) at CSP-Solano since March 12, 2003. | 41. Deposition of Dr. Traquina taken 8/7/09 at p. 47:22-25, Exhibit C. |
| 42. After Dr. Traquina became CMO, he did not treat Plaintiff. | 42. Deposition of Dr. Traquina taken 8/7/09 at p. 71:22-25-, Exhibit C. |
| 43. In October 2002, Plaintiff complained that he had a fall in 1998 and had chronic back pain ever since. | 43. Deposition of Dr. Traquina taken 8/7/09 at pp. 113:22-114:4, Exhibit C. |
| 44. Plaintiff had no complaints of radiating pain to his legs and no signs of nerve irritation. | 44. Deposition of Dr. Traquina taken 8/7/09 at p. 114:6-10, Exhibit C. |

| | |
|---|---|
| 45. Dr. Traquina performed a back examination. | 45. Deposition of Dr. Traquina taken 8/7/09 at p. 114:13-14, Exhibit C. |
| 46. Dr. Traquina noted lumbar x-rays showed degenerative disc disease. | 46. Deposition of Dr. Traquina taken 8/7/09 at p. 115:6-8, Exhibit C. |
| 47. The diagnosis was low back pain due to degenerative disc disease. | 47. Deposition of Dr. Traquina taken 8/7/09 at p. 115:8-10, Exhibit C. |
| 48. Dr. Traquina prescribed a muscle relaxant, an anti inflammatory and a back brace. | 48. Deposition of Dr. Traquina taken 8/7/09 at pp. 115:14-15, 17; 125:1-15, Exhibit C. |
| 49. Dr. Traquina also referred Plaintiff for orthopedic consultation | 49. Deposition of Dr. Traquina taken 8/7/09 at p. 115:18, Exhibit C. |
| 50. Dr. Traquina saw Plaintiff again in January 2003. | 50. Deposition of Dr. Traquina taken 8/7/09 at p. 116:10-12, Exhibit C. |
| 51. At that time, Plaintiff complained of back pain and radiating pain to the left leg. | 51. Deposition of Dr. Traquina taken 8/7/09 at p. 116:14-16, Exhibit C. |
| 52. On examination, Dr. Traquina noted that Plaintiff's lumbar range of motion was decreased from the previous exam. | 52. Deposition of Dr. Traquina taken 8/7/09 at pp. 116:25-117:2, Exhibit C. |
| 53. Dr. Traquina diagnosed chronic pain with radiculopathy on the left. | 53. Deposition of Dr. Traquina taken 8/7/09 at p. 117:10-13, Exhibit C. |
| 54. Dr. Traquina placed Plaintiff on light duty and instructed Plaintiff on back exercises. | 54. Deposition of Dr. Traquina taken 8/7/09 at p. 117:14-17, Exhibit C. |
| 55. Dr. Traquina noted that an MRI was pending. | 55. Deposition of Dr. Traquina taken 8/7/09 at pp. 129:25-130:7, Exhibit C. |
| 56. Dr. Traquina referred Plaintiff for neurology consult and EMG studies. | 56. Deposition of Dr. Traquina taken 8/7/09 at p. 139:12-21, Exhibit C. |
| 57. At no time did Dr. Traquina deny Plaintiff medical treatment. | 56. Deposition of Dr. Traquina taken 8/7/09 at p. 110:15-17, Exhibit C. |
| 58. Any delay in obtaining specialty care or receiving recommended treatment was outside the control of Dr. Traquina. | 58. Declaration of Dr. Traquina dated 7/25/11 at ¶¶3-7, attached hereto as Exhibit L. |

| | |
|---|---|
| 59. On November 24, 2003, Dr. Tan saw Plaintiff for complaints of chronic low back pain. | 59. Deposition of Dr. Tan taken 7/31/09 at pp. 61:24-63:19, Exhibit B. |
| 60. Dr. Tan noted that Plaintiff had been referred for surgical consultation and had a lumbar MRI in 2003. | 60. Deposition of Dr. Tan taken 7/31/09 at pp. 61:24-63:19, Exhibit B. |
| 61. Dr. Tan continued Plaintiff on Methadone ordered a repeat MRI. | 61. Deposition of Dr. Tan taken 7/31/09 at pp. 61:24-63:19, Exhibit B. |
| 62. On January 13, 2005, Dr. Tan saw Plaintiff. | 62. Deposition of Dr. Tan taken 7/31/09 at p. 97:11-12, Exhibit B. |
| 63. Plaintiff had been to physical therapy and Dr. Tan told Plaintiff to continue doing the exercises he learned in physical therapy. | 63. Deposition of Dr. Tan taken 7/31/09 at pp. 97:22-98:2, Exhibit B. |
| 64. Plaintiff was waiting for epidural injections. | 64. Deposition of Dr. Tan taken 7/31/09 at p. 98:3-5, Exhibit B. |
| 65. On December 6, 2006, Dr. Tan interviewed Plaintiff for 602 (inmate appeal). | 65. Deposition of Dr. Tan taken 7/31/09 at p. 100:5-15, Exhibit B. |
| 66. Dr. Tan referred Plaintiff for neurosurgical evaluation. | 66. Deposition of Dr. Tan taken 7/31/09 at pp. 81:6-16; 82:22-24, Exhibit B. |
| 67. On October 4, 2007, Dr. Tan reported that he referred Plaintiff for neurosurgery on December 6, 2006 and Plaintiff was scheduled for surgery consult on May 15, 2007, but refused to attend the appointment. | 67. Deposition of Dr. Tan taken 7/31/09 at p. 91:6-15, Exhibit B. |
| 68. On October 4, 2007, Dr. Tan made another referral for neurosurgical consultation. | 68. Deposition of Dr. Tan taken 7/31/09 at p. 91:6-15, Exhibit B. |
| 69. At no time did Dr. Tan deny Plaintiff medical care for his back complaints. | 69. Deposition of Dr. Tan taken 7/31/09 at p. 57:15-18, Exhibit B. |
| 70. Any delay in obtaining specialty care or recommended treatment was outside the control of Dr. Tan. | 70. Deposition of Dr. Tan taken 7/31/09 at pp. 77:22-78:19; 94:4-16; 120:24-121:19, Exhibit B; Declaration of Dr. Traquina dated 7/25/11 at ¶¶3-7, attached hereto as Exhibit L. |

| | |
|---|---|
| 71. Dr. Tan did not have the authority to approve or facilitate appointments with outside providers. | 71. Deposition of Dr. Traquina taken 8/7/09 at p. 108:2-11, Exhibit C; Declaration of Dr. Traquina dated 7/25/11 at ¶5, attached hereto as Exhibit L. |
| 72. Between 2004 and 2011, Dr. Rohrer treated Plaintiff for complaints of low back pain. | 72. Declaration of Dr. Rohrer dated 8/15/11 at ¶3, attached hereto as Exhibit J. |
| 73. During the time Dr. Rohrer treated Plaintiff for his back complaints, Dr. Rohrer ordered epidural injections, physical therapy, prescribed various pain medications including Methadone, Neurontin and Gabapentin. | 73. Declaration of Dr. Rohrer dated 8/15/11 at ¶4, attached hereto as Exhibit J. |
| 74. Dr. Rohrer also referred Plaintiff for numerous MRIs of the lumbar spine and neurosurgical consultations. | 74. Declaration of Dr. Rohrer dated 8/15/11 at ¶4, attached hereto as Exhibit J. |
| 75. Dr. Rohrer did not deny Plaintiff medical care for his back complaints. | 75. Deposition of Dr. Rohrer taken 7/31/09 at p. 74:12-14, Exhibit C. |
| 76. Any delay in obtaining specialty care or recommended treatment was outside the control of Dr. Rohrer. | 76. Deposition of Dr. Rohrer taken 7/31/09 at pp. 137:19-25; 149:25-150:6, Exhibit A; Declaration of Dr. Traquina dated 7/25/11 at ¶¶3-7, attached hereto as Exhibit L. |
| 77. Dr. Rohrer did not have the authority to approve or facilitate appointments with outside providers. | 77. Declaration of Dr. Traquina dated 7/25/11 at ¶5, attached hereto as Exhibit L. |
| 78. Dennis Sisto and Gary Swarthout were not involved in Plaintiff's medical care. | 78. Declaration of Dennis Sisto dated 7/18/11 at ¶5, attached hereto as Exhibit D; Declaration of Gary Swarthout dated 7/29/11 at ¶4, attached hereto as Exhibit E. |
| 79. At no time did Mr. Sisto or Mr. Swarthout deny or delay any medical care for Plaintiff. | 79. Declaration of Dennis Sisto dated 7/18/11 at ¶¶6, 7, attached hereto as Exhibit D; Declaration of Gary Swarthout dated 7/29/11 at ¶¶5, 6, attached hereto as Exhibit E. |
| 80. The Warden at CSP-Solano has no authority to refer inmates to receive treatment or specialty care or care outside the prison. | 80. Declaration of Dennis Sisto dated 7/18/11 at ¶8, attached hereto as Exhibit D; Declaration of Gary Swarthout dated 7/29/11 at ¶7, attached hereto as Exhibit E. |

| | | |
|---|---|---|
| 1<br>2<br>3 | 81. The Warden cannot direct medical treatment or prescribe medications. | 81. Declaration of Dennis Sisto dated 7/18/11 at ¶9, attached hereto as Exhibit D; Declaration of Gary Swarthout dated 7/29/11 at ¶8, attached hereto as Exhibit E. |
| 4<br>5 | 82. In October 2002, Plaintiff was seen by orthopedist Dr. Kofed for complaints of back pain. | 82. Declaration of Dr. Rohrer dated 8/15/11 at ¶6, attached hereto as Exhibit J. |
| 6<br>7<br>8 | 83. Dr. Kofed referred plaintiff for MRI and prescribed Methadone for plaintiff's pain complaints. | 83. Declaration of Dr. Rohrer dated 8/15/11 at ¶6, attached hereto as Exhibit J. |
| 9<br>10 | 84. Dr. Kofed was the first doctor to prescribe Methadone to Plaintiff. | 84. Deposition of Dr. Shefrin taken 7/13/11 at p. 37:1-5, Exhibit K. |
| 11<br>12<br>13 | 85. In February 2003, Plaintiff had a lumbar MRI. | 85. Declaration of Dr. Rohrer dated 8/15/11 at ¶6, attached hereto as Exhibit J; Declaration of Dr. Huffman dated 11/1/09 at ¶6, attached hereto as Exhibit I; Deposition of Dr. Huffman taken 7/27/11 at p. 62:2-4, Exhibit G. |
| 14<br>15 | 86. In March 2003, Plaintiff was seen again by Dr. Kofed who referred Plaintiff for neurosurgical evaluation. | 86. Declaration of Dr. Rohrer dated 8/15/11 at ¶6, attached hereto as Exhibit J. |
| 16<br>17<br>18<br>19 | 87. Plaintiff had lumbar MRI in April 2004. | 87. Declaration of Dr. Rohrer dated 8/15/11 at ¶9, attached hereto as Exhibit J; Declaration of Dr. Huffman dated 11/1/09 at ¶6, attached hereto as Exhibit I; Deposition of Dr. Huffman taken 7/27/11 at p. 62:2-4, Exhibit G. |
| 20<br>21 | 88. In May 2004, Plaintiff had physical therapy. | 88. Deposition of Dr. Shefrin taken 7/13/11 at p. 43:6-7, Exhibit K; Declaration of Dr. Rohrer dated 8/15/11 at ¶10, attached as Exhibit J. |
| 22<br>23<br>24<br>25 | 89. In June of 2004, Plaintiff was seen by Dr. Farr at Manteca Hospital for evaluation for spine surgery. | 89. Deposition of Dr. Rohrer taken 7/31/09 at pp. 90:22-91:7, Exhibit A; Deposition of Dr. Traquina taken 8/7/09 at p. 191:9-17, Exhibit C; Declaration of Dr. Rohrer dated 8/15/11 at ¶11, attached hereto as Exhibit J. |
| 26<br>27<br>28 | 90. Dr. Farr diagnosed degenerative disc disease and recommended epidural injections. | 90. Deposition of Dr. Rohrer taken 7/31/09 at pp. 90:22-91:7, Exhibit A; Deposition of Dr. Traquina taken 8/7/09 at p. 191:9-17, Exhibit C; Declaration of Dr. Rohrer dated 8/15/11 at ¶11, attached hereto as Exhibit J. |

| # | Fact | Evidence |
|---|------|----------|
| 91 | In January 2005, Dr. Jabar administered epidural injections. | Declaration of Dr. Rohrer dated 8/15/11 at ¶12, attached hereto as Exhibit J; Declaration of Dr. Traquina taken 8/7/09 at p. 224:19-21, Exhibit C. |
| 92 | In May 2005, Plaintiff was seen by Dr. Mitchell, a neurologist. | Declaration of Dr. Rohrer dated 8/15/11 at ¶13, attached hereto as Exhibit J; Deposition of Dr. Traquina taken 8/7/09 at p. 189:7-9, Exhibit C. |
| 93 | Dr. Mitchell performed a nerve conduction study (EMG). | Declaration of Dr. Rohrer dated 8/15/11 at ¶13, attached hereto as Exhibit J; Deposition of Dr. Traquina taken 8/7/09 at p. 189:7-9, Exhibit C. |
| 94 | In August 2005, Plaintiff underwent another lumbar MRI. | Declaration of Dr. Rohrer dated 8/15/11 at ¶14, attached hereto as Exhibit J; Declaration of Dr. Huffman dated 11/1/09 at ¶6, attached hereto as Exhibit I; Deposition of Dr. Huffman taken 7/27/11 at p. 62:2-4, Exhibit G. |
| 95 | In September 2006, Plaintiff had physical therapy. | Deposition of Dr. Shefrin taken 7/13/11 at p. 43:10-11, Exhibit K; Declaration of Dr. Rohrer dated 8/15/11 at ¶15, attached hereto as Exhibit J. |
| 96 | In August 2007, Plaintiff underwent a lumbar MRI. | Declaration of Dr. Rohrer dated 8/15/11 at ¶16, attached hereto as Exhibit J; Declaration of Dr. Huffman dated 11/1/09 at ¶6, attached hereto as Exhibit I; Deposition of Dr. Huffman taken 7/27/11 at p. 34:6-9, Exhibit G. |
| 97 | Dr. Huffman is Board Certified in Orthopedic Surgery and specializes in spine surgery. | Deposition of Dr. Huffman taken 7/27/11 at pp. 65:16-66:3, Exhibit G; Declaration of Dr. Huffman dated 11/1/09 at ¶¶2,3, attached hereto as Exhibit I. |
| 98 | Dr. Huffman is the Medical Director of Spine Surgery at Queen of the Valley Hospital. | Deposition of Dr. Huffman taken 7/27/11 at p. 24:18-21, Exhibit G. |
| 99 | He has performed over 1000 spinal surgeries. | Deposition of Dr. Huffman taken 7/27/11 at pp. 66:25-67:5, Exhibit G. |
| 100 | On May 12, 2008, plaintiff was seen by Dr. Jason Huffman for spinal surgery consultation. | Declaration of Dr. Huffman dated 11/1/09 at ¶4, attached hereto as Exhibit I; Deposition of Dr. Huffman taken 7/27/11 at p. 29:15-19, Exhibit G. |

| | | |
|---|---|---|
| 1 | 101. Dr. Huffman took a medical history from Plaintiff. | 101. Deposition of Dr. Huffman taken 7/27/11 at p. 30:2-5, Exhibit G. |
| 2 | | |
| 3 | 102. Plaintiff did not present in an emergent state. | 102. Deposition of Dr. Huffman taken 7/27/11 at pp. 70:24-71:1, Exhibit G. |
| 4 | | |
| 5 | 103. Dr. Huffman reviewed medical records, including MRI films and reports from 2003, 2004, 2005 and 2007 and examined Plaintiff. | 103. Declaration of Dr. Huffman dated 11/1/09 at ¶6, attached hereto as Exhibit I; Deposition of Dr. Huffman taken 7/27/11 at pp. 30:2-12; 33:18-34:2; 62:2-4, Exhibit G. |
| 6 | | |
| 7 | | |
| 8 | 104. The MRIs showed progression of degeneration over the years. | 104. Declaration of Dr. Huffman dated 11/1/09 at ¶6, attached hereto as Exhibit I; Deposition of Dr. Huffman taken 7/27/11 at p. 62:7-14, Exhibit G. |
| 9 | | |
| 10 | | |
| 11 | 105. Dr. Huffman diagnosed lumbar degenerative disc disease. | 105. Declaration of Dr. Huffman dated 11/1/09 at ¶4, attached hereto as Exhibit I; Deposition of Dr. Huffman taken 7/27/11 at p. 68:9-14, Exhibit G. |
| 12 | | |
| 13 | | |
| 14 | 105. Dr. Huffman recommended a course of physical therapy and continuing Plaintiff's current mediations. | 106. Declaration of Dr. Huffman dated 11/1/09 at ¶4, attached hereto as Exhibit I; Deposition of Dr. Huffman taken 7/27/11 at pp. 55:13-17; 70:16-23, Exhibit G. |
| 15 | | |
| 16 | | |
| 17 | 107. Plaintiff was taking Methadone at that time. | 107. Deposition of Dr. Huffman taken 7/27/11 at p. 70:8-23, Exhibit G. |
| 18 | 108. Dr. Huffman did not recommend surgery for Plaintiff. | 108. Deposition of Dr. Huffman taken 7/27/11 at pp. 51:3-10; 67:6-8, Exhibit G. |
| 19 | | |
| 20 | 109. In September 2008, Plaintiff had physical therapy. | 109. Deposition of Dr. Shefrin taken 7/13/11 at p. 47:24-25, Exhibit K; Declaration of Dr. Rohrer dated 8/15/11 at ¶18, attached hereto as Exhibit J. |
| 21 | | |
| 22 | | |
| 23 | 110. In 2009, Plaintiff requested referral for spine surgery. | 110. Declaration of Dr. Rohrer dated 8/15/11 at ¶19, attached hereto as Exhibit J. |
| 24 | | |
| 25 | 111. Dr. Rohrer made a referral for Plaintiff to see a spine surgeon. | 111. Declaration of Dr. Rohrer dated 8/15/11 at ¶19, attached hereto as Exhibit J. |
| 26 | | |
| 27 | 112. Plaintiff was not referred back to Dr. Huffman because as of November 2009, Dr. Huffman was no longer contracting with the State of California as a spine surgeon. | 112. Deposition of Dr. Huffman taken 7/27/11 at p. 61:4-9, Exhibit G; Declaration of Dr. Huffman dated 11/1/09 at ¶5, attached hereto as Exhibit I. |
| 28 | | |

11

Defendants' Separate Statement of Undisputed Facts (CIV-S-07-1871 LKK KJN)

| | |
|---|---|
| 113. Plaintiff had another lumbar MRI in December 1, 2009. | 113. Declaration of Dr. Rohrer dated 8/15/11 at ¶20, attached hereto as Exhibit J. |
| 114. On December 8, 2009, Plaintiff was seen by Dr. Mummaneni, a neurosurgeon at UCSF. | 114. Declaration of Dr. Rohrer dated 8/15/11 at ¶21, attached hereto as Exhibit J. |
| 115. Dr. Mummaneni made several recommendations for Plaintiff's back condition including continued conservative management, additional diagnostic studies, medications and surgical intervention. | 115. Declaration of Dr. Rohrer dated 8/15/11 at ¶21, attached hereto as Exhibit J. |
| 116. Plaintiff was seen again by Dr. Mummaneni on March 9, 2010. | 116. Declaration of Dr. Rohrer dated 8/15/11 at ¶22, attached hereto as Exhibit J. |
| 117. At that time, Plaintiff reported that he did not want to have surgery and instead wanted to proceed with conservative management, including epidural injections. | 117. Declaration of Dr. Rohrer dated 8/15/11 at ¶22, attached hereto as Exhibit J. |
| 118. Dr. Rohrer made recommendations consistent with Dr. Mummaneni's plan, including epidural injections. | 118. Declaration of Dr. Rohrer dated 8/15/11 at ¶23, attached hereto as Exhibit J. |
| 119. All of Plaintiff's MRI studies were scheduled outside of the prison at an open MRI facility because Plaintiff reported he is claustrophobic. | 119. Declaration of Dr. Rohrer dated 8/15/11 at ¶24, attached hereto as Exhibit J. |
| 120. At all times relevant to Plaintiff's incarceration at CSP-Solano, the Medical Authorization Review Committee (MARC) made approvals for referrals to medical specialists. | 120. Declaration of Dr. Traquina dated 7/27/11 at ¶3, attached hereto as Exhibit L. |
| 121. The Utilization Management Nurse (UM Nurse) has authority to approve all referrals that meet InterQual criteria. | 121. Declaration of Dr. Traquina dated 7/27/11 at ¶3, attached hereto as Exhibit L. |
| 122. Only referrals that do not meet InterQual criteria are submitted to the MARC for approval. | 122. Declaration of Dr. Traquina dated 7/27/11 at ¶3, attached hereto as Exhibit L. |
| 123. Once MARC approves referral to a specialist, the Utilization Management Nurse is responsible for facilitating referrals for patients who need to see a specialist. | 123. Declaration of Dr. Traquina dated 7/27/11 at ¶4, attached hereto as Exhibit L. |

| | |
|---|---|
| 124. The Utilization Management Nurse reports to Utilization Management at Headquarters. | 124. Declaration of Dr. Traquina dated 7/27/11 at ¶4, attached hereto as Exhibit L. |
| 125. The scheduler is responsible for making an appointment. | 125. Declaration of Dr. Traquina dated 7/27/11 at ¶4, attached hereto as Exhibit L. |
| 126. The scheduler reports to the Director of Nursing. | 126. Declaration of Dr. Traquina dated 7/27/11 at ¶4, attached hereto as Exhibit L. |
| 127. The scheduler and Utilization Management Nurse also make appointments for MRIs done outside the prison facility. | 127. Declaration of Dr. Traquina dated 7/27/11 at ¶4, attached hereto as Exhibit L. |
| 128. Physicians, including the CMO, have no authority to approve or facilitate referrals to specialists. | 128. Declaration of Dr. Traquina dated 7/27/11 at ¶5, attached hereto as Exhibit L. |
| 129. The CMO can approve a referral to a specialist in the case of a life-threatening condition. | 129. Declaration of Dr. Traquina dated 7/27/11 at ¶5, attached hereto as Exhibit L; Deposition of Dr. Shefrin taken 7/13/11 at pp. 59:24-60:1, Exhibit K. |
| 130. Plaintiff did not have a life-threatening condition. | 130. Deposition of Dr. Shefrin taken 7/13/11 at pp. 59:24-60:1, Exhibit K; Deposition of Dr. Traquina taken 8/7/109 at pp. 84:20-25; 94:20-95:25, Exhibit C. |
| 131. There were delays in inmates obtaining physical therapy. | 131. Declaration of Dr. Traquina dated 7/27/11 at ¶6, attached hereto as Exhibit L. |
| 132. Inmates returning from surgery or the hospital were given priority for physical therapy. | 132. Declaration of Dr. Traquina dated 7/27/11 at ¶6, attached hereto as Exhibit L. |
| 133. The doctors and CSP-Solano have no authority to require the physical therapist to see a certain inmate patient. | 133. Declaration of Dr. Traquina dated 7/27/11 at ¶7, attached hereto as Exhibit L. |
| 134. The CMO has no authority to require the physical therapist to see a certain inmate. | 134. Declaration of Dr. Traquina dated 7/27/11 at ¶7, attached hereto as Exhibit L. |
| 135. The physical therapist reports to the Solano Administrator, not to the doctors or CMO at CSP-Solano. | 135. Declaration of Dr. Traquina dated 7/27/11 at ¶7, attached hereto as Exhibit L. |

| | |
|---|---|
| 136. Because of the overwhelming number of inmates requiring daily medications, insulin-dependant Type 1 diabetic inmates are given priority to receive insulin at the medical clinic each day. | 136. Declaration of Dr. Traquina dated 10/16/08 at ¶5, attached hereto as Exhibit H. |
| 137. Between 50-75 Type 1 insulin-dependant diabetic inmates are serviced each day at the clinic. | 137. Declaration of Dr. Traquina dated 10/16/08 at ¶5, attached hereto as Exhibit H. |
| 138. Following the distribution of insulin medication to these inmate patients, the cancer patients are then given priority to receive medication. | 138. Declaration of Dr. Traquina dated 10/16/08 at ¶5, attached hereto as Exhibit H. |
| 139. After cancer patients receive medication, the inmates requiring narcotic medications are serviced. Inmates requiring narcotic medications are typically serviced within 60 minutes. | 139. Declaration of Dr. Traquina dated 10/16/08 at ¶5, attached hereto as Exhibit H. |
| 140. In April 2011, Plaintiff retained neurologist Dr. Sandra Shefrin to review his medical records and give an opinion on his medical care. | 140. Deposition of Dr. Shefrin taken 7/13/11 at pp. 17:11-12; 28:10-13; 30:4-7, Exhibit K. |
| 141. Dr. Shefrin never examined Plaintiff. | 141. Deposition of Dr. Shefrin taken 7/13/11 at p. 32:22-24, Exhibit K. |
| 142. Dr. Shefrin is a neurologist, not a surgeon. | 142. Deposition of Dr. Shefrin taken 7/13/11 at p. 57:3-6, Exhibit K. |
| 143. She has never performed surgery. | 143. Deposition of Dr. Shefrin taken 7/13/11 at pp. 57:3-6, Exhibit K. |
| 144. Dr. Shefrin would rely on a surgeon's expertise to determine if a patient is a surgical candidate. | 144. Deposition of Dr. Shefrin taken 7/13/11 at pp. 57:7-10; 58:17-19, Exhibit K. |
| 145. Dr. Shefrin has never taught or authored any publications on degenerative disc disease. | 145. Deposition of Dr. Shefrin taken 7/13/11 at p. 23:16-24, Exhibit K. |
| 146. Dr. Shefrin admits Defendants did not deny medical treatment to Plaintiff. | 146. Deposition of Dr. Shefrin taken 7/13/11 at p. 55:14-23, Exhibit K. |

Defendants' Separate Statement of Undisputed Facts  (CIV-S-07-1871 LKK KJN)

| | |
|---|---|
| 147. Dr. Shefrin has no factual information regarding the medical delivery system at CSP-Solano. | 147. Deposition of Dr. Shefrin taken 7/13/11 at pp. 74:21-75:2, Exhibit K. |
| 148. Dr. Shefrin's opinions are limited to the general medical care system versus a particular doctor. | 148. Deposition of Dr. Shefrin taken 7/13/11 at p. 71:17-19, Exhibit K. |
| 149. Dr. Shefrin has no opinion regarding whether Defendant Drs. Tan, Rohrer or Traquina were responsible for any delay in care. | 149. Deposition of Dr. Shefrin taken 7/13/11 at p. 71:2-16, Exhibit K. |
| 150. Dr. Shefrin admits that if a doctor was making referrals to a specialist then that doctor was addressing Plaintiff's complaints. | 150. Deposition of Dr. Shefrin taken 7/13/11 at p. 70:22-24, Exhibit K. |
| 151. Dr. Shefrin admits that Plaintiff was seen by five different back specialists. | 151. Deposition of Dr. Shefrin taken 7/13/11 at pp. 51:20-52:18, Exhibit K. |
| 152. Dr. Shefrin admits that Plaintiff was receiving pain medications for his pain complaints. | 152. Deposition of Dr. Shefrin taken 7/13/11 at p. 41:13-15, Exhibit K. |
| 153. Dr. Shefrin admits there is no medical literature which states Methadone is contraindicated as an initial use of pain treatment. | 153. Deposition of Dr. Shefrin taken 7/13/11 at p. 83:6-9, Exhibit K. |
| 154. Dr. Shefrin has no opinion regarding Plaintiff's diabetic medicine regimen. | 154. Deposition of Dr. Shefrin taken 7/13/11 at p. 63:19-25, Exhibit K. |
| 155. On September 26, 2008, the Court ordered Dr. Traquina to address Plaintiff's claims that he was subject to a 40 minute delay in receiving medications. | 155. Request for Judicial Notice No. 1, Docket No. 40. |
| 156. On October 16, 2008, Dr. Traquina responded to the Court's order. | 156. Request for Judicial Notice No. 2, Docket No. 43. |
| 157. Dr. Traquina reviewed Plaintiff's medical records and spoke with his treating physicians to determine that Plaintiff's medical diagnosis is Hepatitis C, chronic back pain secondary to degenerative disk disease at L5-S1 and Type 2 Diabetes. | 157. Declaration of Dr. Traquina dated 10/16/08 at ¶4, attached hereto as Exhibit H. |

| # | Fact | Source |
|---|------|--------|
| 158. | Dr. Traquina updated Plaintiff's medical file to provide the following chrono: No prolonged walking or standing for more than 30 minutes; no get down during alarms; no repetitive stooping, bending or squatting and no lifting more than 10 lbs; duration of one year. | 158. Declaration of Dr. Traquina dated 10/16/08 at ¶4, attached hereto as Exhibit H. |
| 159. | The words no sitting for more than 30 minute UHRs and "Get Narcotic after his insulin" on previous chrono written by Dr. Chen on 6/25/08 were deleted because they were not correct and not medically indicated. | 159. Declaration of Dr. Traquina dated 10/16/08 at ¶4, attached hereto as Exhibit H. |
| 160. | Plaintiff is a Type 2 diabetic and a finger stick test is not appropriate for his condition because he is not insulin-dependant. | 160. Declaration of Dr. Traquina dated 10/16/08 at ¶4, attached hereto as Exhibit H. |
| 161. | Plaintiff is not getting insulin so, it is inappropriate for him to "Get Narcotic after his insulin." | 161. Declaration of Dr. Traquina dated 10/16/08 at ¶4, attached hereto as Exhibit H. |
| 162. | Plaintiff will receive his narcotic medications with the other inmates requiring narcotic medications. | 162. Declaration of Dr. Traquina dated 10/16/08 at ¶7, attached hereto as Exhibit H. |
| 163. | Plaintiff's chrono was updated to reflect that there is no medical reason that he cannot sit for in excess of 60 minutes. | 163. Declaration of Dr. Traquina dated 10/16/08 at ¶¶4,8, attached hereto as Exhibit H. |
| 164. | Plaintiff can sit for more than 60 minutes as this is a resting position for his back and there are seats available in the waiting area at the clinic. | 164. Declaration of Dr. Traquina dated 10/16/08 at ¶4, attached hereto as Exhibit H. |
| 165. | The 40-60 minute delay in receiving medications is not medically harmful to Plaintiff. | 165. Declaration of Dr. Traquina dated 10/16/08 at ¶8, attached hereto as Exhibit H. |
| 166. | Plaintiff filed this action on September 10, 2007. | 166. Request for Judicial Notice No. 3; Docket No. 1. |
| 167. | At no time did Dr. Tan reduce Plaintiff's Methadone dosage. | 167. Deposition of Dr. Tan taken 7/31/09 at pp. 110:25-111:5; 112:20-113:2, Exhibit 48 to deposition, Exhibit B. |

| | |
|---|---|
| 168. On September 5, 2007, Dr. Tan renewed Plaintiff's Methadone prescription for 30mg. | 168. Deposition of Dr. Tan taken 7/31/09 at pp. 111:5-16; 112:20-113:2; Exhibit 48 to deposition, Exhibit B. |
| 169. When Plaintiff's prescription was transcribed the dosage amount Dr. Tan ordered was changed. | 169. Deposition of Dr. Tan taken 7/31/09 at pp. 110:25-111:5, Exhibit B. |
| 170. Dr. Tan did not make that change. | 170. Deposition of Dr. Tan taken 7/31/09 at pp. 110:25-111:5, Exhibit B. |

Dated: August 15, 2011

Respectfully submitted,

KAMALA D. HARRIS
Attorney General of California
ALBERTO L. GONZALEZ
Supervising Deputy Attorney General

*/s/ Catherine Woodbridge Guess*

CATHERINE WOODBRIDGE GUESS
Deputy Attorney General
*Attorneys for Defendants Dr. Rohrer, Dr. Tan, Dr. Traquina and Mr. Sisto*

SA2008300684
31321937.doc