IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

NYLES LAWAYNE WATSON,

    Plaintiff,               No. 2:07-cv-1871 LKK KJN P

  vs.

D.K. SISTO, et al.,

    Defendants.         ORDER
                           /

Plaintiff is a state prisoner proceeding in forma pauperis, with appointed counsel, in this civil rights action seeking relief under 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B), and Local Rule 302.

On October 28, 2011, the magistrate judge filed findings and recommendations which were served on all parties and contained notice that any objections were to be filed within fourteen days. Plaintiff timely filed objections to the findings and recommendations.[1]

---

[1] Defendants' objection (Dkt. No. 118) to the timeliness of plaintiff's objections is overruled. The court ordered that any objections were to be filed "[w]ithin 14 days after being served with the[] findings and recommendations." (Dkt. No. 116 at 67; Fed. R. Civ. P. 72(b)(2).) The findings and recommendations were filed on October 28, 2011. Fourteen days later was Friday, November 11, 2011, a federal holiday; thus, the deadline for filing objections was extended to Monday, November 14, 2011. See Fed. R. Civ. P. 6(a)(1)(C) ("if the last day is a . . . legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday"). This deadline was further extended by three days to allow for service, albeit electronic, of the findings and recommendations. See Fed. R. Civ. P. 6(d); 5(b)(2)(E). The resulting deadline was Thursday, November 17, 2011, the date on which

1

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), and Local Rule 304, this court has conducted a de novo review of this case. Having carefully reviewed the entire file, the court finds that the findings and recommendations are supported by the record and by proper analysis. The court addresses the following specific matters.

Defendants' objection to plaintiff's recent submission of new evidence is sustained. One of the two submitted documents[2] was available to plaintiff's counsel long before defendants filed their motion for summary judgment. Moreover, the substance of both documents – that plaintiff declined to go to a scheduled neurosurgical appointment on May 15, 2007, because he had not obtained an MRI within the preceding six months – was part of the record and duly considered by the magistrate judge.[3] Neither document warrants reconsideration of the magistrate judge's

---

plaintiff filed his objections.

This construction (rather than counting the entire 17-day period consecutively), is consistent with the example provided in the Commentary to the 2005 Amendments to Rule 6, Federal Rules of Civil Procedure. Accord, Hickey v. Adler, 2008 WL 4635842, *1 (E.D. Cal. 2008); Batts v. County of Santa Clara, 2010 WL 147965, *1 (N.D. Cal. 2010); Amor v. Arizona, 2010 WL 960379, *14 (D. Ariz. 2010) (applicable to 2009 amendments to Rule 6).

[2] Plaintiff has submitted the following new evidence: (1) a copy of a completed form entitled "Refusal of Examination or Treatment," dated May 15, 2007, which counsel concedes he obtained on May 11, 2009; and (2) plaintiff's supplemental declaration, dated November 22, 2011, received by counsel on November 28, 2011.

The completed "Refusal of Examination" form states that plaintiff refused to keep an appointment scheduled for May 15, 2007, on the following grounds: "Pt states 'MD (neurosurgeon) said he needs an MRI before he comes back.' MRI not done as of today. 'No reasons to go if there is nothing for MD to see.' Pt aware of consequence of missing MD appt." (Dkt. No. 117-2 at 3.) Counsel concedes that he received this evidence "from the medical records department at California State Prison, Solano ('CSP-Solano') on or around May 11, 2009." (Dkt. No. 117-1 at 2 (Silveira Decl.).)

Plaintiff's counsel also seeks to admit a supplemental declaration of plaintiff, dated November 22, 2011. The declaration provides in pertinent part that the statement contained in the above-noted form "is [only] partially correct;" that plaintiff informed staff "that the Neurologist Surgeon told me to inform the medical staff that my first visit was premature, and that it was impossible for him (neurologist) to properly do treatment without an up-to-date-MRI . . . no more than 6 months old." (Dkt. No. 120-1 at 2.)

[3] Plaintiff's counsel states that he submitted the new evidence in response to the magistrate judge's finding that plaintiff had submitted only "general evidence," citing the

2

findings. See United States v. Howell, 231 F.3d 615, 621 (9th Cir. 2000) ("a district court has discretion, but is not required, to consider evidence presented for the first time in a party's objection to a magistrate judge's recommendation").

The court overrules plaintiff's objection to the admission of a declaration statement by plaintiff's treating physician and defendants' medical expert, Dr. Jason Huffman, Medical Director of Spine Surgery at Queen of the Valley Hospital. Plaintiff correctly notes that the magistrate judge generally rejected plaintiff's objections to defendants' medical evidence, without specifically addressing plaintiff's objections to the challenged statement of Dr. Huffman. (See Findings and Recommendations, Dkt. No. 116 at 7, 67.) Plaintiff renews his challenge before the undersigned, objecting to Dr. Huffman's statement that plaintiff's treatment "was appropriate and within the standard of medical treatment in the community for degenerative disc disease." (Dkt. No. 117 at 19-20 (citation to record omitted).) Plaintiff asserts that "this statement is not based on personal knowledge because Dr. Huffman acknowledged that he had only reviewed a handful of records from Watson's file," and contends that the statement is contradicted by Dr. Huffman's own deposition testimony that his evaluation of plaintiff's medical condition was limited to his May 2008 examination of plaintiff. (Id. at 20.) Dr. Huffman's declaration and deposition statements are consistent. Dr. Huffman's November 2009 declaration does not purport to address any period after Dr. Huffman's May 2008 examination of plaintiff, and is consistent with Dr. Huffman's July 2011 deposition testimony that his treatment

---

following portion of the findings and recommendations (Dkt. No. 116 at 41 (emphasis added)):

> Plaintiff states only generally that he "**never refused treatment at CSP-Solano unless** I was scheduled for conflicting appointments on the same day, I was overcome by claustrophobia when brought to the vehicle provided for my transportation, I was in too much pain to wait the required period of time for the appointment, or **I had not received a current MRI that was a prerequisite for my surgical consultations**." (Watson Decl., Dkt. No. 109-13 at 54, ¶ 8.)

Plaintiff's newly submitted evidence (see n.2, supra) contributes no significant additional facts for the court's consideration.

3

1  decision not to advise surgery for plaintiff was based only on his May 2008 examination and the
2  records available at that time.[4]  Moreover, the magistrate judge neither recounted nor relied on
3  the challenged statement, although the statement supports the magistrate judge's findings on
4  plaintiff's Eighth Amendment claims through May 2008.  For the period thereafter, the
5  magistrate judge properly relied on the more general expert opinions of Dr. Huffman, as well as
6  the treatment records and statements of defendants, and the treatment records of plaintiff's
7  subsequent treating neurosurgeon, Dr. Mummaneni.

8  Plaintiff contends that there remain disputed issues of material fact precluding summary
9  judgment on behalf of defendants Traquina and Tan;[5] that the magistrate judge erred by placing
10 undue weight on Hutchinson v. United States, 838 F.2d 390 (1988); and that the magistrate judge
11 erred by failing consistently to draw inferences in favor of plaintiff.

12 Plaintiff asserts that the magistrate judge placed undue weight on Hutchinson, supra, 838
13 F.2d 390, to opine that plaintiff's medical expert provided insufficient evidence of a material
14 factual dispute on plaintiff's deliberate indifference claims.  Plaintiff correctly notes that
15 Hutchinson addressed the "expert evidence requirement" in the context of a state law claim for
16 medical negligence, Hutchinson, 838 F.3d at 392, while the magistrate judge broadly required
17 expert medical evidence to support plaintiff's deliberate indifference claims (Dkt. No. 116 at 34,
18 36).  However, as noted by the magistrate judge, deliberate indifference presents a higher

---

[4] In response to the deposition question, "[D]id you ever have enough information to make a determination about whether you thought he should receive back surgery?" (Huffman Depo. at 53), Dr. Huffman responded (id. at 54):

> The only point in time at which I'm capable of providing an opinion regarding Mr. Watson is the time around my visit with him on May 12 of year 2008.  I'm not -- I'm not thoroughly versed in his medical condition prior to his visit with me, although I did take a medical history.  And I am not aware at all of his condition beyond the point that he walked out of the room with me on May 12 of 2008. . . . Anything outside of that point in time would require me to speculate.

[5] Plaintiff does not challenge the magistrate judge's recommendation that summary judgment be granted on behalf of defendant Dr. Rohrer.

4

standard of proof than negligence. See Hutchinson, 838 F.3d at 394 ("a showing of something more than mere negligence is required to establish [deliberate indifference to medical needs]," citing Estelle v. Gamble, 429 U.S. 97 (1976); accord, Simmons v. Navajo County, 609 F.3d 1011, 1019 (9th Cir. 2010) ("[d]eliberate indifference is a high legal standard. A showing of medical malpractice or negligence is insufficient to establish a constitutional deprivation under the Eighth Amendment.") (citation and internal quotation marks omitted); Wood Housewright, 900 F.2d 1332, 1334 (9th Cir.1990) (even gross negligence does not establish deliberate indifference). Expert opinion testimony is routinely required when "specialized knowledge will assist the trier of fact." Fed. R. Evid. 702; see e.g. Boring v. Kozakiewicz, 833 F.2d 468, 473-74 (3d Cir. 1987) (prisoner's deliberate indifference claims required expert medical testimony on matters not apparent to a lay person).

In the present case, the magistrate judge properly found that plaintiff had failed to produce sufficient evidence – expert or otherwise – to demonstrate the existence of a material factual dispute concerning the issue of whether plaintiff's medical care created a substantial risk of serious harm, of which defendants were actually aware and purposefully ignored. The magistrate judge properly concluded that, "while there were clear delays in plaintiff's treatment, plaintiff has failed to show that: (1) any delay seriously and adversely impacted plaintiff's medical condition; and (2) defendants were aware of the risk, but failed to prevent it." (Dkt. No. 116 at 53 (citation omitted).)

Finally, plaintiff contends that the magistrate judge erred by failing consistently to draw inferences from the evidence in favor of plaintiff, as non-movant, as is required in a motion for summary judgment. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). Plaintiff challenges one matter, the magistrate judge's statement that it is not "clear that more frequent and routine physical therapy may have slowed plaintiff's disease or provided him symptomatic relief . . . ." (Dkt. No. 116 at 54.) Plaintiff takes this statement out of context; the magistrate judge appropriately made this assessment in distinguishing one of the cases relied on

5

by plaintiff.[6]

The remainder of plaintiff's objections[7] to the findings and recommendations are overruled for the reasons stated by the magistrate judge.

////

////

////

////

////

////

Accordingly, IT IS HEREBY ORDERED that:

---

[6] The magistrate judge stated in full (Dkt. No. 116 at 53-54 (emphasis added)):

> Plaintiff relies on the holding in Hunt v. Dental Department, 865 F.2d 198 (9th Cir. 1989), that prison officials' three-month delay in obtaining dental treatment for plaintiff, after they learned that plaintiff had lost his dentures, raised a triable issue of fact as to whether the delay was unreasonable. Hunt "alleged that the prison officials were aware of his bleeding gums, breaking teeth and his inability to eat properly, yet failed to take any action to relieve his pain or to prescribe a soft food diet until new dentures could be fitted." Id. at 200. "Given the serious dental problems which Hunt alleges he repeatedly complained about, this delay appears to have been more than an isolated occurrence of neglect." Id. at 201.
>
> **These facts in Hunt are clearly distinguishable from those presented in the instant case.** Hunt's need for replacement dentures should have been obvious to any reasonable person, including correctional staff. In contrast, plaintiff's degenerative disc disease and chronic low back pain, which are ubiquitous to the general population, have no obvious remedy. **Nor is it clear that more frequent and routine physical therapy may have slowed plaintiff's disease or provided him symptomatic relief, despite the agreement of all physicians on the potential benefits of physical therapy.**

[7] The court acknowledges, however, the extensive work and first-rate advocacy by court-appointed counsel.

6

1. The findings and recommendations filed October 28, 2011 (Dkt. No. 116), are adopted in full;

2. Defendants' August 16, 2011 motion for summary judgment (Dkt. No. 106), is granted on each of plaintiff's claims; and

3. Judgment is entered for defendants.

DATED: March 9, 2012.

*/s/ Lawrence K. Karlton*
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT