**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED
AUG 05 2013
MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| NYLES LAWAYNE WATSON, | No. 12-15687 |
| Plaintiff - Appellant, | D.C. No. 2:07-cv-01871-LKK-KJN |
| v. | |
| GARY SWARTHOUT, Warden; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Lawrence K. Karlton, District Judge, Presiding

Submitted July 24, 2013[**]

Before:   ALARCÓN, CLIFTON, and CALLAHAN, Circuit Judges.

California state prisoner Nyles Lawayne Watson appeals pro se from the

district court's judgment in his 42 U.S.C. § 1983 action alleging deliberate

---

[*]   This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]   The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

indifference to his serious medical needs, retaliation and violations under the Americans with Disabilities Act ("ADA"). We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Morrison v. Hall*, 261 F.3d 896, 900 (9th Cir. 2001) (summary judgment); *Nelson v. Heiss*, 271 F.3d 891, 893 (9th Cir. 2001) (dismissal). We affirm.

The district court properly granted summary judgment on Watson's Eighth Amendment claims because Watson failed to raise a genuine dispute of material fact as to whether defendants were deliberately indifferent to his degenerative disc disease. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994) (setting forth elements of a claim for deliberate indifference); *Berry v. Bunnell*, 39 F.3d 1056, 1057 (9th Cir. 1994) (per curiam) (to establish deliberate indifference based on a delay in medical treatment, plaintiff must show the delay itself caused harm); *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989) (a difference of opinion about the best course of medical treatment does not amount to deliberate indifference).

The district court properly granted summary judgment on Watson's First Amendment claims because Watson failed to raise a genuine dispute of material fact as to whether defendants' actions did not reasonably advance a legitimate correctional goal. *See Brodheim v. Cry*, 584 F.3d 1262, 1269 n.3 (9th Cir. 2009) (setting forth the elements of a retaliation claim in the prison context); *Pratt v.*

*Rowland*, 65 F.3d 802, 806 (9th Cir. 1995) (plaintiff bears the burden of pleading and proving the absence of legitimate correctional goals for the conduct of which he complains).

The district court properly dismissed Watson's ADA claims because the claims were based on inadequate treatment. *See Simmons v. Navajo County*, 609 F.3d 1011, 1022 (9th Cir. 2010) ("The ADA prohibits discrimination because of disability, not inadequate treatment for disability.").

We do not consider Watson's arguments concerning retaliatory transfer and destruction of property as they were raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam).

Watson's request for judicial notice is denied.

**AFFIRMED.**